WILLARD K. TOM
General Counsel
SARAH SCHROEDER (Cal. Bar No. 221528)
KERRY O'BRIEN (Cal. Bar No. 149264)
LAURA FREMONT (Cal. Bar No. 159670)
Staff Attorneys
901 Market Street, Suite 570
San Francisco, CA 94103
Telephone: (415) 848-5100
Facsimile: (415) 848-5184
e-mail: sschroeder@ftc.gov; kobrien@ftc.gov
         lfremont@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

EDMUND G. BROWN JR.
Attorney General of the State of California
FRANCES T. GRUNDER (Cal. Bar No. 163804)
Senior Assistant Attorney General
BENJAMIN DIEHL (Cal. Bar No. 192984)
Acting Supervising Deputy Attorney General
DANIEL A. OLIVAS (Cal. Bar No. 130405)
Deputy Attorney General
300 South Spring Street, Suite 170; Los Angeles, CA 90013
Telephone: (213) 897-2705;Facsimile: (213) 897-4951
e-mail: dan.olivas@doj.ca.gov
Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF CALIFORNIA

CHRIS KOSTER
Attorney General of the State of Missouri
STEWART FREILICH (Mo. Bar No. 36924)
JOHN PHILLIPS (Mo. Bar No. 55159)
Assistant Attorneys General
P.O. Box 899; Jefferson City, MO 65102
Telephone: (573) 751-700; Facsimile: (573) 751-2041
e-mail: stewart.freilich@ago.mo.gov; john.phillips@ago.mo.gov
Attorneys for Plaintiff
STATE OF MISSOURI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| FEDERAL TRADE COMMISSION, THE PEOPLE OF THE STATE OF CALIFORNIA, AND THE STATE OF MISSOURI, | Case No. SACV09-768 JVS(MLGx) |
|---|---|
| Plaintiffs, | COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF |
| v. | |
| US FORECLOSURE RELIEF CORP., | |

Complaint                                    1

a corporation, also d/b/a U.S.
Foreclosure Relief, Inc., Lighthouse
Services, and California Foreclosure
Specialists,

GEORGE ESCALANTE, individually
and as an officer of US
FORECLOSURE RELIEF CORP.,

CESAR LOPEZ, individually and also
trading and doing business as H.E.
Service Company, and

ADRIAN POMERY, ESQ.,
individually and also trading and doing
business as Pomery & Associates,

                    Defendants.

Plaintiffs, the Federal Trade Commission ("FTC" or "Commission"), the
People of the State of California, and the State of Missouri, for their complaint
allege:

1. The FTC brings this action under Sections 13(b) and 19 of the Federal
Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the
Telemarketing and Consumer Fraud Abuse Prevention Act ("Telemarketing Act"),
15 U.S.C. §§ 6101-6108, to obtain temporary, preliminary, and permanent
injunctive relief, rescission or reformation of contracts, restitution, disgorgement of
ill-gotten monies, and other equitable relief for Defendants' acts or practices in
violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade
Regulation Rule entitled "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310.

2. The People of the State of California, by and through Edmund G.
Brown Jr., Attorney General of the State of California, brings this action under
Section 4(a) of the Telemarketing Act, 15 U.S.C. § 6103(a), and under the
California unfair competition law ("UCL") codified at California Business and
Professions Code § 17200 *et seq.*, and false advertising law ("FAL") codified at
California Business and Professions Code § 17500 *et seq.*, to obtain injunctive

Complaint                                   2

1  relief, restitution, civil penalties, and other equitable relief for Defendants' illegal
2  acts or practices.

3          3.      The State of Missouri brings this action, by and through its Attorney
4  General Chris Koster, pursuant to Section 407.100 of the Missouri Merchandising
5  Practices Act, Mo. Rev. Stat. to obtain permanent injunctive relief, restitution, civil
6  penalties and other equitable relief for Defendants' acts and practices in violation
7  of the anti-fraud provisions of the Missouri Merchandising Practices Act, Section
8  407.020 Mo. Rev. Stat., and for Defendants' acts and practices in violation of the
9  foreclosure consultants provisions of the Missouri Merchandising Practices Act,
10 Sections 407.935 to 407.943, Mo. Rev. Stat.

11                         **JURISDICTION AND VENUE**

12         4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C.
13 §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), 6103(a)
14 and 6105(b).

15         5.      This Court has supplemental jurisdiction over Plaintiffs People of the
16 State of California and State of Missouri's claims pursuant to 28 U.S.C. § 1367.

17         6.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and
18 15 U.S.C. § 53(b) and 6103(a).

19                                 **PLAINTIFFS**

20         7.      The FTC is an independent agency of the United States Government
21 created by statute.  15 U.S.C. §§ 41-58.  The FTC enforces Section 5(a) of the FTC
22 Act, 15 U.S.C. § 45(a), which prohibits unfair and deceptive acts or practices in or
23 affecting commerce.  The FTC also enforces the Telemarketing Act, 15 U.S.C.
24 §§ 6101-6108.  Pursuant to the Telemarketing Act, the FTC promulgated and
25 enforces the TSR, 16 C.F.R. Part 310, which prohibits deceptive and abusive
26 telemarketing acts and practices.

27         8.      The FTC is authorized to initiate federal district court proceedings, by
28 its own attorneys, to enjoin violations of the FTC Act and the TSR, and to secure

Complaint                                    3

1 such equitable relief as may be appropriate in each case, including restitution and
2 disgorgement.  15 U.S.C. §§ 53(b), 57b,  6102(c), and 6105(b).

3      9.     The State of California is one of the fifty sovereign states of the
4 United States.  The Attorney General is authorized to initiate federal district court
5 proceedings to enjoin telemarketing practices that violate the FTC's Telemarketing
6 Sales Rule, and in each such case, to obtain damages, restitution, and other
7 compensation on behalf of residents of the State of California, and to obtain such
8 further relief as the Court may deem appropriate.  15 U.S.C. § 6103(a).  The
9 Attorney General also brings pendent or supplemental UCL and FAL claims in the
10 name of the People of the State of California to obtain injunctive relief, restitution,
11 civil penalties, and any such further relief as the Court may deem appropriate under
12 pendent or supplemental jurisdiction.  28 U.S.C. § 1367.

13      10.    Plaintiff State of Missouri is one of fifty sovereign states of the United
14 States.  The State of Missouri, through its Attorney General, is authorized to
15 initiate proceedings to enjoin violations of the Missouri Merchandising Practices
16 Act and to seek injunctions, restitution, civil penalties and other equitable relief as
17 the Court may deem appropriate.  This Court has supplemental jurisdiction over
18 Plaintiff State of Missouri's claims under 28 U.S.C. § 1367.

19                              **DEFENDANTS**

20      11.    Defendant US Foreclosure Relief Corp. ("US Foreclosure Relief" or
21 "USFR"), also doing business as U.S. Foreclosure Relief, Inc., Lighthouse
22 Services, and California Foreclosure Specialists, is a California corporation with its
23 principal place of business at 1010 West Chapman Avenue, Suite 200, Orange, CA
24 92868.  USFR transacts or has transacted business in this district and throughout
25 the United States.

26      12.    Defendant George Escalante ("Escalante") is the owner and president
27 of US Foreclosure Relief.  At times material to this Complaint, acting alone or in
28 concert with others, he has formulated, directed, controlled, had authority to

Complaint                              4

1 | control, or participated in the acts and practices set forth in this Complaint.
2 | Defendant Escalante, in connection with the matters alleged herein, transacts or has
3 | transacted business in this district and throughout the United States.

4 |      13.    Defendant Cesar Lopez ("Lopez") is an individual who trades and
5 | does business as H.E. Service Company.  H.E. Service Company is a sole
6 | proprietorship with its principal place of business at 2125 East Katella Avenue,
7 | Suite 330, Anaheim, CA 92806.  At times material to this Complaint, acting alone
8 | or in concert with others, Lopez  has formulated, directed, controlled, had authority
9 | to control, or participated in the acts and practices set forth in this Complaint.
10 | Defendant Lopez, in connection with the matters alleged herein, transacts or has
11 | transacted business in this district and throughout the United States.

12 |      14.    Defendant Adrian Pomery, Esq. ("Pomery") is an individual who
13 | trades and does business as Pomery & Associates.  Pomery & Associates is a sole
14 | proprietorship with its principal place of business at 2050 West Chapman Avenue,
15 | Suite 221, Orange, CA 92868.  At times material to this Complaint, acting alone or
16 | in concert with others, Pomery has formulated, directed, controlled, had authority
17 | to control, or participated in the acts and practices set forth in this Complaint.
18 | Defendant Pomery, in connection with the matters alleged herein, transacts or has
19 | transacted business in this district and throughout the United States.

20 |      15.    Since at least Spring 2008 until at least November 2008, acting alone
21 | or in concert with others, US Foreclosure Relief advertised, marketed, offered for
22 | sale, or sold loan modification and foreclosure rescue services to consumers
23 | throughout the United States.  In or around December 2008, H.E. Service
24 | Company and Pomery & Associates took over the operation of US Foreclosure
25 | Relief and since that time have advertised, marketed, offered for sale, or sold loan
26 | modification and foreclosure rescue services to US Foreclosure Relief clients.
27 | Since that time, H.E. Service Company and Pomery & Associates, acting alone or
28 | in concert with others, also advertised, marketed, offered for sale, or sold those

Complaint                5

same services to other consumers throughout the United States.

## COMMERCE

16.    At all times relevant to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## AVAILABILITY OF FREE LOAN MODIFICATION
## AND FORECLOSURE RELIEF SERVICES

17.    Numerous mortgage lenders and servicers have instituted free programs to assist financially distressed homeowners by offering them the opportunity to modify loans that have become unaffordable.  Many of these "loan modification" programs have expanded dramatically as lenders have increased participation in the President's "Making Home Affordable" plan.  Moreover, numerous major mortgage lenders and servicers, non-profit and community-based organizations, the federal government, and the news media have helped publicize the availability of these free mortgage loan modification programs.  Lenders often notify consumers of the availability of these programs, or of consumers' eligibility, through their "loss mitigation" departments.  Proposed defendants divert consumers from these free programs and induce them to spend thousands of dollars on their purported "Loss Mitigation Services."

## DEFENDANTS' BUSINESS PRACTICES

18.    Defendants have advertised, marketed, offered for sale, and sold purported home loan modification and foreclosure rescue services.  Defendants market their services to homeowners who are in financial distress and searching for a loan modification.

19.    At various times since Summer 2008, Defendants have made outbound telemarketing calls to consumers, including to consumers on the National Do Not Call Registry.

20.    At various times since Spring 2008, Defendants have advertised their

Complaint                                6

1  loan modification services on various Internet websites, including
2  www.cafspecialists.com, www.stopforeclosuretogether.com,
3  www.pomerylaw.com, and www.homelegalassistance.com.
4     21.   The www.cafspecialists.com website has contained, among other
5  things, the following statements:
6          a.   US Foreclosure Relief prides itself on upholding the highest
7               standards of business ethics and competitive greatness.  US
8               Foreclosure Relief provides homeowners with peace of mind:
9               knowing that they have taken a proactive approach to control
10              their destiny.
11         b.   **Proven Track Record**
12              US Foreclosure Relief has created a proven track record in
13              creating successful coalitions with homeowners and lenders.
14              We have proven time and time again our ability to get the job
15              done - and do it well.
16              (Exhibit A)
17    22.   The www.pomerylaw.com website has contained, among other things,
18  the following statements:
19         a.   Losing your Home to Foreclosure?  You have options, We can
20              help!
21         b.   Pomery & Associates saves homes.  Just call us and we can
22              help you stay in your home at a payment you can afford.
23              (Exhibit B)
24    23.   The www.homelegalassistance.com website has featured a seal with a
25  legal scale inside it and has contained, among other things, the following
26  statements:
27         a.   HOMEOWNERS LEGAL ASSISTANCE - Loan Modification
28              Services

Complaint                              7

b.  Now is the perfect opportunity to negotiate a livable mortgage rate, have your loan modified and stop foreclosure on your dream home. Take advantage of the government bailout money given to YOUR lender to help YOU. Act now before it's too late!

c.  Regardless of your current mortgage situation, Homeowners Legal Assistance will strive to negotiate a reasonable mortgage loan.

d.  **At Homeowners Legal Assistance**, our mission and priority is to provide homeowners in every city across America with an ethical, affordable, and effective loss mitigation program to avoid Foreclosures. Our vision is inspired by creating the largest and most reputable loss mitigation law firm in the country by providing client resolution and superior customer service.

e.  You will find that the skill, professionalism, and consideration we offer each client is a truly stress relieving and positive experience for you and your loved ones.

f.  Our goal is to help you save your home!

g.  We pressure your bank to pay attention to your needs because they know and trust us. We negotiate a significant number of cases each month and use that leverage when negotiating cases. We have brought together a knowledgeable team from loss mitigation, collections, real estate and banking industries to offer the most complete negotiation program available.

h.  We have rescued homeowners from foreclosure, adjustable mortgages, and lack of equity. Our proven track record gives us credibility with your lender, and our significant volume of

Complaint                                    8

1 cases gives us leverage when negotiating.  Homeowners Legal

2 Assistance is the right law firm to help you through this

3 difficult time.

4 (Exhibit C)

5 24. At various times since Spring 2008, Defendants have advertised

6 through radio advertisements, including but not limited to Exhibit D.  That radio

7 advertisement contains the following statements:

8 a. Homeowners Legal Assistance would like to offer you a free,

9 no obligation consultation that will show you how to stop

10 foreclosure, reduce your interest rates, and save thousands on

11 your mortgage.  Do not let this economic slowdown take your

12 home from you and your family.

13 b. Homeowners Legal Assistance is an attorney-based loan

14 modification firm that can negotiate the terms of your mortgage

15 so you can afford to live in and enjoy your home.

16 c. It does not matter how far behind you are on payment or what

17 your credit score is.  Homeowners Legal Assistance is here to

18 listen and help.

19 (Exhibit D)

20 25. Consumers have contacted Defendants by calling toll-free numbers

21 provided in the Defendants' radio advertisements and on their websites and have

22 spoken to Defendants' representatives.

23 26. In numerous instances, during inbound and outbound telephone calls,

24 Defendants' representatives state to consumers that Defendants will stop any

25 foreclosure or sale date on the consumer's property, substantially lower the interest

26 rate on the consumer's home loan, change the interest rate on the consumer's home

27 loan from an adjustable rate to a fixed rate, substantially reduce the principal

28 amount of the consumer's home loan, negotiate any late payments or fees, and

Complaint     9

1 | substantially lower the consumer's monthly home loan payment.

2 |      27.   In numerous instances, during inbound and outbound telephone calls,
3 | Defendants' representatives tell consumers that Defendants have a success rate of
4 | 85 percent or greater, and that Defendants can obtain a loan modification for
5 | consumers within a specified period of time, often no more than two months.

6 |      28.   In numerous instances, during inbound and outbound telephone calls,
7 | Defendants' representatives tell consumers that, if they are not satisfied with the
8 | company's service, they are entitled to a refund of the fees paid, minus a
9 | processing fee.

10 |      29.   In numerous instances, during inbound and outbound telephone calls,
11 | Defendants' representatives advise consumers not to contact their lenders or
12 | answer inquires from their lenders.  Defendants' representatives also tell some
13 | consumers to stop paying their home loan while Defendants allegedly negotiate
14 | with the consumers' lenders.

15 |      30.   In numerous instances, Defendants require consumers to pay an
16 | advance fee, typically $1,800 to $2,350, before Defendants render any service.

17 |      31.   In numerous instances, Defendants fail to obtain the promised home
18 | loan modifications that would make the consumers' loans more affordable.

19 | **VIOLATIONS OF THE FTC ACT**

20 |      32.   Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or
21 | deceptive acts or practices in or affecting commerce."

22 |      33.   Misrepresentations or deceptive omissions of material fact constitute
23 | deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

24 | **COUNT I**

25 | **False Loan Modification Claim**

26 | **(By Plaintiff Federal Trade Commission)**

27 |      34.   In numerous instances in connection with the advertising, marketing,
28 | promotion, offering for sale, or sale of loan modification or foreclosure rescue

Complaint              10

1  services, Defendants have represented, directly or indirectly, expressly or by
2  implication, that Defendants will obtain for consumers home loan modifications
3  that will make their loans substantially more affordable.

4      35.    In truth and in fact, in numerous instances in which Defendants have
5  made the representation set forth in Paragraph 34 of this Complaint, Defendants
6  failed to obtain for consumers home loan modifications that made their loans
7  substantially more affordable.

8      36.    Therefore, Defendants' representation as set forth in Paragraph 34 of
9  this Complaint is false or misleading and constitutes a deceptive act or practice in
10 violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

11                              **COUNT II**

12                  **False or Unsubstantiated Success Claims**

13                 **(By Plaintiff Federal Trade Commission)**

14     37.    In numerous instances in connection with the advertising, marketing,
15 promotion, offering for sale, or sale of loan modification or foreclosure rescue
16 services, Defendants have represented, directly or indirectly, expressly or by
17 implication, that Defendants have helped at least 85 percent of their clients obtain a
18 home loan modification.

19     38.    The representation set forth in Paragraph 37 of this Complaint is false
20 or was not substantiated at the time the representation was made.

21     39.    Therefore, Defendants' representation as set forth in Paragraph 37 of
22 this Complaint is false or misleading and constitutes a deceptive act or practice in
23 violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

24        **VIOLATIONS OF THE TELEMARKETING SALES RULE**

25             **THE TELEMARKETING SALES RULE**
26        **AND THE NATIONAL DO NOT CALL REGISTRY**

27     40.    Congress directed the FTC to prescribe rules prohibiting abusive and
28 deceptive telemarketing acts or practices pursuant to the Telemarketing Act, 15

Complaint                               11

1  U.S.C. §§ 6101-6108, in 1994.  On August 16, 1995, the FTC adopted the

2  Telemarketing Sales Rule (the "Original TSR"), 16 C.F.R. Part 310, which became

3  effective on December 31, 1995.  On January 29, 2003, the FTC amended the TSR

4  by issuing a Statement of Basis and Purpose ("SBP") and the final amended

5  Telemarketing Sales Rule (the "TSR").  68 Fed. Reg. 4580, 4669.

6          41.  Defendants are "sellers" or "telemarketers" engaged in

7  "telemarketing," as defined by the TSR, 16 C.F.R. § 310.2, as amended.

8          42.  The TSR prohibits sellers and telemarketers from misrepresenting,

9  directly or by implication, in the sale of goods or services any material aspect of

10 the performance, efficacy, nature, or central characteristics of goods or services

11 that are the subject of a sales offer.  16 C.F.R. § 310.3(a)(2)(iii).

12         43.  The TSR prohibits sellers and telemarketers from making any false or

13 misleading statement to induce any person to pay for goods or services. 16 C.F.R.

14 § 310.3(a)(4).

15         44.  Among other things, the TSR established a "do-not-call" registry,

16 maintained by the Commission (the "National Do Not Call Registry" or

17 "Registry"), of consumers who do not wish to receive certain types of

18 telemarketing calls.  Consumers can register their telephone numbers on the

19 Registry without charge either through a toll-free telephone call or over the Internet

20 at *donotcall.gov*.

21         45.  Consumers who receive telemarketing calls to their registered

22 numbers can complain of Registry violations the same way they registered, through

23 a toll-free telephone call or over the Internet at *donotcall.gov*, or by otherwise

24 contacting law enforcement authorities.

25         46.  Since September 2, 2003, the FTC has allowed sellers, telemarketers,

26 and other permitted organizations to access the Registry over the Internet at

27 *telemarketing.donotcall.gov*, pay the required fees, and download the registered

28 numbers by area code.

Complaint                              12

47.     Since October 17, 2003, sellers and telemarketers have been prohibited from calling numbers on the Registry in violation of the TSR.  16 C.F.R. § 310.4(b)(1)(iii)(B).

48.     Since October 17, 2003, sellers and telemarketers generally have been prohibited from calling any telephone number within a given area code unless the seller first has paid the annual fee for access to the telephone numbers within that area code that are included in the Registry.  16 C.F.R. § 310.8(a) and (b).  There is no charge for the first five area codes of data.  Further, sellers or telemarketers accessing the Registry may not participate in any arrangement to share the cost of accessing the Registry, including an arrangement where one seller pays a fee and accesses the Registry for other sellers, the other sellers do not pay fees to the Registry, and the cost of accessing the Registry is thereby divided among the various sellers.  16 C.F.R. § 310.8(c).

49.     Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c) and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the TSR constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

50.     Pursuant to Section 6103(a) of the TSR, 15 U.S.C. § 6103(a), an attorney general of any state is authorized to initiate a civil action in this Court to enjoin a pattern or practice of violating the TSR and to obtain damages, restitution, and other compensation on behalf of residents of that state, and to obtain such further and other relief as the Court may deem appropriate.

## COUNT III

### Making False or Misleading Statements

### (By Plaintiff Federal Trade Commission)

51.     In numerous instances, in connection with the telemarketing of loan modification or foreclosure rescue services, and to induce the purchase of loan modification or foreclosure rescue services, Defendants have made false or

Complaint                                    13

1   misleading representations that:

2            a.     Defendants will obtain for consumers home loan modifications

3                   that will make their loans substantially more affordable; and

4            b.     Defendants have helped at least 85 percent of their clients

5                   obtain a home loan modification.

6       52.    Defendants' acts or practices, as alleged in Paragraph 51 of this

7   Complaint, violate Sections 310.3(a)(2)(iii) and (a)(4) of the TSR, 16 C.F.R.

8   § 310.2(a)(2)(iii) and (a)(4).

9   **COUNT IV**

10   **Violations of the National Do Not Call Registry**

11   **(By Plaintiffs Federal Trade Commission and**

12   **People of the State of California)**

13       53.    In numerous instances, in connection with the telemarketing of loan

14   modification or foreclosure rescue services, Defendants have engaged in or caused

15   others to engage in initiating an outbound telephone call to a person's telephone

16   number on the National Do Not Call Registry in violation of the TSR, 16 C.F.R.

17   § 310.4(b)(1)(iii)(B).

18   **COUNT V**

19   **Failure to Pay National Registry Fees**

20   **(By Plaintiffs Federal Trade Commission and**

21   **People of the State of California)**

22       54.    In numerous instances, in connection with the telemarketing of loan

23   modification or foreclosure rescue services, Defendants have initiated or caused

24   others to initiate an outbound telephone call to a telephone number within a given

25   area code without the seller first paying, either directly or through another person,

26   the required annual fee for access to the telephone numbers within that area code

27   that are included in the National Do Not Call Registry, in violation of the TSR, 16

28   C.F.R. § 310.8.

Complaint                  14

## CALIFORNIA LAW REGARDING ADVANCE FEES
## FOR FORECLOSURE CONSULTING

55.   California Civil Code § 2945, *et seq.*, regulates the activities of mortgage foreclosure consultants in California.  The purpose of the law is to safeguard the public against deceit and to encourage fair dealing in the rendition of foreclosure services.

56.   California Civil Code § 2945.1, subdivision (a) defines a foreclosure consultant as:

"[A]ny person who makes any solicitation, representation, or offer to any [home] owner to perform for compensation or who, for compensation, performs any service which the person in any manner represents will in any manner do any of the following:

(1) Stop or postpone the foreclosure sale.

(2) Obtain any forbearance from any beneficiary or mortgage.

(3) Assist the owner to exercise the right of reinstatement provided in [Civil Code] Section 2924c.

(4) Obtain any extension of the period within which the owner may reinstate his or her obligation.

(5) Obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in any such deed of trust or mortgage.

(6) Assist the owner to obtain a loan or advance of funds.

(7) Avoid or ameliorate the impairment of the owner's credit resulting from the recording of a notice of default or the conduct of a foreclosure sale.

(8) Save the owner's residence from foreclosure."

57.   Defendants operate as foreclosure consultants as that term is defined

Complaint                                          15

1 | in subdivision (a) of section 2945.1 of the California Civil Code.

2 |     58.    California Civil Code Section 2945.4 forbids foreclosure consultants

3 | from collecting advance fees for loan modification or other foreclosure rescue

4 | services after a notice of default is recorded against the property. Attorneys

5 | performing legal services in the course of representing clients may charge clients

6 | up-front retainer fees. However, this exemption does not apply if an attorney is

7 | not, in fact, rendering legal services but is merely acting as a "front" for non-

8 | attorney foreclosure consultants in an attempt to avoid compliance with Civil Code

9 | § 2945.4.

## VIOLATIONS OF CALIFORNIA LAW

## COUNT VI

### Violations of Business and Professions

### Code § 17500 (Untrue or Misleading Statements)

### (By Plaintiff People of the State of California)

15 |     59.    Defendants have violated and continue to violate Business and

16 | Professions Code § 17500 by making or disseminating untrue or misleading

17 | statements, or causing untrue or misleading statements to be made or disseminated

18 | in or from California, with the intent to induce members of the public to pay

19 | valuable consideration for Defendants' mortgage loan modification or stop

20 | foreclosure services. The untrue or misleading statements include but are not

21 | necessarily limited to the following:

22 |     a.    In numerous instances, Defendants have represented, expressly

23 |     or by implication, that Defendants will obtain for consumers

24 |     home loan modifications that will make their loans substantially

25 |     more affordable. In fact, in numerous instances, Defendants

26 |     failed to obtain for consumers home loan modifications that

27 |     made their loans substantially more affordable.

28 |     b.    In numerous instances, Defendants have represented to

Complaint         16

consumers that they must make further payments to Defendants even though Defendants have not obtained mortgage loan modification or stopped foreclosure.

c.   In numerous instances, Defendants have represented to consumers they have a high success rate and that they can obtain loan modification for consumers within a specified period of time, typically no more than two months.  In fact, Defendants do not have a high success rate nor do they obtain loan modifications within the specified period of time.

d.   In numerous instances, Defendants have represented to consumers that consumers should not contact their lender or answer queries from their lender even though such advice could and has resulted in causing some consumers to fall behind in their loan payments, causing their lenders to initiate foreclosure proceedings, and/or causing damage to consumers' credit record.

60.   Defendants knew or by the exercise of reasonable care should have known that the statements set forth above were untrue or misleading at the time the statements were made.

## COUNT VII

### Violations of Business and Professions
### Code § 17200 (Unfair Competition)
### (By Plaintiff People of the State of California)

61.   Defendants have engaged in and continue to engage in unfair competition as defined in Business and Professions Code § 17200 as set forth in this paragraph:

a.   In numerous instances, Defendants have represented, expressly or by implication, that Defendants will obtain for consumers

Complaint                                    17

1      home loan modifications that will make their loans substantially

2      more affordable. In fact, in numerous instances, Defendants

3      failed to obtain for consumers home loan modifications that

4      made their loans substantially more affordable.

5      b.    In numerous instances, Defendants have made or disseminated

6      untrue or misleading statements, or caused untrue or misleading

7      statements to be made or disseminated in or from California,

8      with the intent to induce members of the public to pay valuable

9      consideration for Defendants' mortgage loan modification or

10     stop foreclosure services in violation of Business and

11     Professions Code § 17500 as alleged above in Count VI.

12     c.    In numerous instances, Defendants claimed, demanded,

13     charged, collected, and/or received compensation prior to

14     performing fully each service Defendants contracted to perform

15     or represented that they would perform in violation of

16     California Civil Code § 2945.4(a).

17     d.    In numerous instances, in connection with telemarketing,

18     Defendants engaged in or caused others to engage in initiating

19     an outbound telephone call to a person's telephone number on

20     the National Do Not Call Registry in violation of the TSR, 16

21     C.F.R. § 310.4(b)(1)(iii)(B).

22     e.    In numerous instances, in connection with telemarketing,

23     Defendants have initiated or caused others to initiate an

24     outbound telephone call to a telephone number within a given

25     area code without the seller first paying, either directly or

26     through another person, the required annual fee for access to the

27     telephone numbers within that area code that are included in the

28     National Do Not Call Registry, in violation of the TSR, 16

Complaint               18

C.F.R. § 310.8.

f.    In numerous instances, Defendants' contracts have not complied
with the requirements for mortgage foreclosure consultants set
forth in Civil Code § 2945 *et seq.*  Defendants' violations
include, but are not limited to, the failure to include in their
written contracts the notice required by Civil Code § 2945.3.
Such notice must state that Defendants may not take any money
from a consumer or ask a consumer for money until they have
completely finished doing everything Defendants said they
would do under the contract.

## MISSOURI LAW REGARDING ADVANCE FEES
## FOR FORECLOSURE CONSULTING

62.    Sections 407.935 to 407.943 of the Missouri Merchandising Practices
Act regulate the activities of foreclosure consultants in Missouri.

63.    Section 407.935 of the Missouri Merchandising Practices Act,
subdivision (a) defines a foreclosure consultant as:

"[A]ny person who makes any solicitation, representation, or offer to any
owner to perform for compensation or who, for compensation, performs any
service which the person in any manner represents will do in any manner
any of the following:

a.  Stop or postpone the foreclosure sale;

b.  Obtain any forbearance from any beneficiary or mortgagee;

c.  Assist the owner to exercise any right of redemption;

d.  Obtain any extension of the period within which the owner may
reinstate his obligation;

e.  Obtain any waiver of an acceleration clause contained in any
promissory note or contract secured by a deed of trust or mortgage on
a residence in foreclosure or contained in any such deed of trust or

Complaint                                    19

1       mortgage;

2           f.  Assist the owner in obtaining a loan or advance of funds;

3           g.  Avoid or ameliorate the impairment of the owner's credit resulting

4       from the recording of a notice of default or the conduct of a

5       foreclosure sale;

6           h.  Save the owner's residence from foreclosure."

7       64.  Defendants operate as foreclosure consultants as that term is defined

8   in subdivision (a) of section 407.935 of the Missouri Merchandising Practices Act.

9       65.  Section 407.938 of the Missouri Merchandising Practices Act requires

10  foreclosure consultants, in a form required by Missouri law, to include in their

11  written contracts a notice that advises the consumer that a foreclosure consultant

12  cannot take or request any money until he or she has completely finished doing

13  everything he or she said they would do and also requires a three day notice of

14  cancellation.

15      66.  Section 407.940 of the Missouri Merchandising Practices Act forbids

16  foreclosure consultants from knowingly claiming, demanding, charging, collecting

17  or receiving any compensation until after the foreclosure consultant has fully

18  performed each and every service the foreclosure consultant contracted to perform

19  or represented he would perform.  Attorneys, licensed in the State of Missouri,

20  rendering service in the course of their legal practice are exempt from this rule.

21  However, this exemption does not apply if an attorney is not licensed in Missouri

22  or if the attorney is not rendering legal services, but is merely acting as a "front"

23  for non-attorney foreclosure consultants in an attempt to avoid compliance with

24  section 407.940.

25              **MISSOURI LAW RELATING TO UNLAWFUL**

26                  **MERCHANDISING PRACTICES**

27      67.  Section 407.020 of the Missouri Merchandising Practices Act

28  provides that the act, use or employment by any person of any deception, fraud,

Complaint                          20

1 false pretense, false promise, misrepresentation, unfair practice or the concealment,
2 suppression or omission of any material fact in connection with the sale or
3 advertisement of any merchandise in trade or commerce is declared to be an
4 unlawful practice.

5      68.    Any act, use or employment declared unlawful by Section 407.020
6 violates that subsection whether committed before, during or after the sale,
7 advertisement or solicitation.

8      69.    Section 407.010.4 defines "merchandise" as any objects, wares,
9 goods, commodities, intangibles, real estate or services.

10      70.    Defendants have sold merchandise in the State of Missouri as that
11 term is defined in subdivision (4) of Section 407.010 of the Missouri
12 Merchandising Practices Act.

## VIOLATIONS OF MISSOURI LAW
## COUNT VIII
### Violations of Missouri Merchandising Practices Act § 407.938 and § 407.940
### (Foreclosure Consulting)
### (By Plaintiff State of Missouri)

18      71.    Defendants have engaged in and continue to engage in practices
19 which violate the foreclosure consultant provisions of the Missouri Merchandising
20 Practices Act.  These violations include but are not limited to the following:

21      a.    Claiming, demanding, charging, collecting and receiving
22 compensation from Missouri consumers prior to performing
23 each and every service that Defendants contracted to perform or
24 represented they would perform in violation of § 407.940.

25      b.    Failing to include in their written contracts with Missouri
26 consumers the written notice required by § 407.938 advising
27 consumers that foreclosure consultants are prohibited from
28 asking for or receiving payment prior to completely finishing

Complaint          21

1    doing everything he or she said he or she would do.

2        c.    Failing to include in their written contracts with Missouri

3        consumers the notice of cancellation in the form required by

4        § 407.938.

5              **COUNT IX**

6    **Violations of Missouri Merchandising Practices Act § 407.020**

7    **(Misrepresentations in connection with advertisement or sale of merchandise)**

8            **(By Plaintiff State of Missouri)**

9        72.    Defendants have violated and continue to violate Missouri

10   Merchandising Practices Act § 407.020 by making misrepresentations in the State

11   of Missouri to Missouri consumers to induce those consumers to pay valuable

12   consideration for Defendants' mortgage loan modification services or stop

13   foreclosure services. The misrepresentations include but are not limited to the

14   following:

15       a.    Defendants have represented, expressly or by implication that

16       Defendants will obtain for consumers home loan modifications

17       that will make their loans substantially more affordable. In fact,

18       in numerous instances, Defendants failed to obtain for

19       consumers home loan modifications that made their loans

20       substantially more affordable.

21       b.    Defendants have represented to consumers that they must make

22       further payments to Defendants even though Defendants have

23       not obtained mortgage loan modifications or stopped

24       foreclosure.

25       c.    Defendants have represented to consumers that consumers

26       should not contact their lender or answer queries from their

27       lender even though such advice could and has resulted in

28       causing some consumers to fall behind in their loan payments

Complaint           22

1        and/or causing their lenders to initiate foreclosure proceedings,

2        and/or causing damage to consumers' credit record.

3        73.    Defendants knew or by the exercise of reasonable care should have

4   known that the statements set forth above were untrue or misleading at the time the

5   statements were made.

6                          **CONSUMER INJURY**

7        74.    Consumers have suffered and will continue to suffer substantial injury

8   as a result of Defendants' unlawful acts or practices. In some instances, consumers

9   lost their homes to foreclosure because Defendants failed to obtain the promised

10  home loan modification that would have lowered consumers' payments. Even

11  consumers who did not lose their homes ended up even further behind in their

12  payments, suffered harm to their credit reports, and suffered other harms because

13  of Defendants' failure to obtain the promised loan modifications and because

14  Defendants advised consumers not to pay their home loans while Defendants

15  allegedly negotiated their loan modifications.

16       75.    In addition, Defendants have been unjustly enriched as a result of their

17  unlawful acts or practices. Absent injunctive relief from this Court, Defendants are

18  likely to continue to injure consumers, reap unjust enrichment, and harm the public

19  interest.

20               **THIS COURT'S POWER TO GRANT RELIEF**

21       76.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court

22  to grant injunctive and such other relief as the Court may deem appropriate to halt

23  and redress violations of the FTC Act. The Court, in the exercise of its equitable

24  jurisdiction, may award ancillary relief, including rescission of contracts and

25  restitution, and the disgorgement of ill-gotten monies, to prevent and remedy injury

26  caused by Defendants' law violations.

27       77.    Section 19 of the FTC Act, 15 U.S.C. § 57b, and Section 6(b) of the

28  Telemarketing Act, 15 U.S.C. § 6105(b), authorize this Court to grant such relief as

Complaint                                23

1  the Court finds necessary to redress injury to consumers or other persons resulting

2  from Defendants' violations of the TSR, including the rescission and reformation

3  of contracts and the refund of money.

4        78.    Section 4(a) of the Telemarketing Act, 15 U.S.C. § 6103(a),

5  authorizes the Court to grant the State of California, on behalf of its residents,

6  injunctive and other equitable relief, including damages, restitution, other

7  compensation, and such further and other relief as the Court deems appropriate.

8        79.    The counts based upon state law may be enforced by this Court

9  through its pendent or supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and

10  this Court may award relief under California Civil Code § 2945, California

11  Business and Professions Code §§ 17200 and 17500, and the Missouri

12  Merchandising Practices Act § 407.100.

13  **PRAYER FOR RELIEF**

14        WHEREFORE, Plaintiffs, pursuant to Section 13(b) and 19 of the FTC Act,

15  15 U.S.C. § 53(b) and 57b; Section 6(b) of the Telemarketing Act, 15 U.S.C.

16  § 6105(b); Section 49(a) of the Telemarketing Act, 15 U.S.C. § 6103(a); California

17  Business and Professions Code § 17200 *et seq.*, and § 17500 *et seq.*; Missouri

18  Merchandising Practices Act § 407.100; and the Court's own equitable powers,

19  request that the Court:

20        A.    Award Plaintiffs such preliminary injunctive and ancillary relief as

21  may be necessary to avert the likelihood of consumer injury during the pendency

22  of this action and to preserve the possibility of effective final relief, including but

23  not limited to temporary and preliminary injunctions, an order freezing assets, and

24  the appointment of a receiver;

25        B.    Enter a permanent injunction to prevent future violations of the FTC

26  Act and the TSR by Defendants;

27        C.    Enter a permanent injunction to prevent future violations of the

28  California Business and Professions Code by Defendants;

Complaint                24

1        D.      Enter a permanent injunction to prevent future violations of the

2  Missouri Merchandising Practices Act by Defendants;

3        E.      Award such relief as the Court finds necessary to redress injury to

4  consumers resulting from Defendants' violations of the FTC Act, the TSR, the

5  California Business and Professions Code, and the Missouri Merchandising

6  Practices Act, including, but not limited to, civil penalties, rescission or

7  reformation of contracts, restitution, the refund of monies paid, and the

8  disgorgement of ill-gotten monies; and

9        F.      Award Plaintiffs the costs of bringing this action, including costs of

10  investigation, as well as such other and additional equitable relief as the Court may

11  determine to be just and proper.

12

13  Dated: ___July 7___, 2009            Respectfully Submitted,

14                                       WILLARD K. TOM
                                         General Counsel
15

16                                       SARAH SCHROEDER
                                         KERRY O'BRIEN
17                                       LAURA FREMONT
                                         Attorneys for Plaintiff
18                                       Federal Trade Commission

19

20                                       EDMUND G. BROWN JR.
                                         Attorney General, State of California
21

22                                       DANIEL A. OLIVAS
                                         Attorney for Plaintiff
23                                       The People of the State of California

24                                       CHRIS KOSTER
                                         Attorney General of Missouri
25

26                                       STEWART FREILICH
                                         JOHN PHILLIPS
27                                       Attorneys for Plaintiff
                                         State of Missouri
28

Complaint                        25



# US Foreclosure Relief

Home Page
About Us
Apply Now
Contact Us

PayPal Payment Options
What is Foreclosure?
Required Documents
Foreclosure Alternatives
Foreclosure Glossary

## About US Foreclosure Relief

### A Proactive Approach to Today's Challenging Market



Homeowners represented by US Foreclosure Relief initiate our services for a variety of reasons, including time constraints, our lender relationships, their limited knowledge of the foreclosure process, language barriers, etc. Finding the right company to work with your situation can be an even more daunting task and homeowners can easily become overwhelmed. US Foreclosure Relief prides itself on upholding the highest standards of business ethics and competitive greatness. US Foreclosure Relief provides homeowners with peace of mind: knowing they have taken a proactive approach to control their destiny.

### Proven Track Record

US Foreclosure Relief has created a proven track record in creating successful coalitions with homeowners and lenders. We have proven time and time again our ability to get the job done – and do it well.

Take the initiative to be in control of your destiny by calling us today at (888) 773-2677 for a free, personalized consultation. You can also apply online. It is fast, secure, and easy.

Why wait? Let us go to work for you!



Copyright © 2008 US Foreclosure Relief, Etrafficers, Inc. and its licensors. All rights reserved.
Home Page | About Us | Contact Us | PayPal Payment Options | What is Foreclosure? | Required Documents | Licensing | Privacy Policy | Foreclosure Alternatives | Foreclosure Glossary | Site Map | Top

Designed and powered by Etrafficers, Inc.

http://www.cafspecialists.com/about.php

11/11/2008
Complaint Exhibit A

# Pomery & Associates

*Losing your Home to Foreclosure?*
*You have options, We can help!*

## Contact Us!

**Why Loan Modification?**
Loan Modification- Means your current lender modifies your current mortgage through what is called the note. The note sets the terms of your loan. This does not require a new closing. This is not refinancing your loan. A loan modification will simply change any or all of the following terms of your loan. The terms of your loan are your interest rate, balance of loan, delinquent fees owed, and term of loan. In the past this was only used when a borrower was delinquent but now  we will see it being used before someone is delinquent. This is one of the best methods to help people avoid foreclosure. The bank does not want you to lose your home. Pomery & Associates saves homes. Just call us and we can help you stay in your home at a payment you can afford.

**Definition:**
Loss mitigation is a process that helps stop a home from going through foreclosure. It is an effort made by the federal government and the mortgage industry to help home owners that were facing the loss of their homes find an alternative to foreclosure.

**Consequences of Loss Mitigation:**
A loss mitigation department can make a difference between the success and failure of your loss mitigation transaction. Although the main focus is the keep a home owner from losing their home, loss mitigation has options such as setting up a repayment plan or loan modification plan. These options need to be considered realistically in regards to the home owner's ability to repay the delinquent amount.

**What a Lawyer can do for you:**
Loss Mitigation lawyers can help you save your home. Loss mitigation lawyers can help you bring your mortgage up to date and find out what the 

Complaint Exhibit B

Welcome to Pomery Law

best options are to help you get there. As real property
lawyers, they understand the mortgage industry and
could help you find a solution you can work with. Lawyers
can also introduce you to programs that will help you pay
off the amount you owe to the bank and/or lender.

© 2008 Pomery & Associates

Complaint Exhibit B

Complaint Exhibit B



Pomery & Associates

Back to first page

Your Name

Your Telephone Number

Your Email

Message

Image Verification

Please enter the text from the image

Send email

clear

© 2008 Adrian Pomery

## HOMEOWNERS LEGAL ASSISTANCE - Loan Modification Services

Now is the perfect opportunity to negotiate a livable mortgage rate, have your loan modified and stop foreclosure on your dream home. Take advantage of the government bailout money given to YOUR lender to help YOU. Act now before it's too late!

## Be Proactive, Save Your Home



**Regardless of your current mortgage situation, Homeowners Legal Assistance will strive to negotiate a reasonable mortgage loan:**

Copyright © 2009 Homeowners Legal Assistance, Etrafficers, Inc. and its licensors. All rights reserved.
Home Page | About Us | Privacy Policy | Contact Us | Site Map | Top

Designed and powered by Etrafficers, Inc.

Complaint Exhibit C

## About Homeowners Legal Assistance

Welcome to Homeowners Legal Assistance

With the current state of our economy, homeowners are faced with the daily challenge of keeping their homes, making ends meet, and just plain surviving! Finding the time and patience to deal with your mortgage company becomes a never ending ordeal. Literally, hundreds of modification companies have evolved but many lack the knowledge and have questionable reputations!



The task of choosing a reliable and trustworthy loss mitigation company to help you and your family is a daunting nightmare. Negotiating with the bank for a modification of your home loan can be an overwhelming process for many homeowners. That is why retaining the services of an experienced Loan Modification Firm is of extreme importance.

**At Homeowners Legal Assistance**, our mission and priority is to provide homeowners in every  city across America with an ethical, affordable, and effective loss mitigation program to avoid Foreclosures. Our vision is inspired by creating the largest and most reputable loss mitigation law firm in the country by providing client resolution and superior customer service. It is our confident belief that our success ultimately depends on establishing a customer service oriented environment that instills the Integrity in each team member for the purpose of protecting "The American Dream".

You will find that the skill, professionalism, and consideration we offer each client is a truly stress relieving and a positive experience for you and your loved ones.

Our goal is to help you save your home!

Complaint Exhibit C

We pressure your bank to pay attention to your needs because they know and trust us. We negotiate a significant number of cases each month and use that leverage when negotiating cases. We have brought together a knowledgeable team from loss mitigation, collections, real estate and banking industries to offer the most complete negotiation program available. We have rescued homeowners from foreclosure, adjustable mortgages, and lack of equity. Our proven track record gives us credibility with your lender, and our significant volume of cases gives us leverage when negotiating. Homeowners Legal Assistace is the right law firm to help you through this difficult time.

Copyright © 2009 Homeowners Legal Assistance, Etrafficers, Inc. and its licensors. All rights reserved.
Home Page | About Us | Privacy Policy | Contact Us | Site Map | Top

Designed and powered by Etrafficers, Inc.

Complaint Exhibit C

# Contact Homeowners Legal Assistance

Please submit your information and a representative will contact you in a timely manner.

Thank you for your interest!

**Contact Info:**
Homeowners Legal Assistance

Ph: 714-627-0505

Mon-Fri: 8a.m-6p.m (PST)

Sat: 9.am-12p.m (PST)

Copyright © 2009 Homeowners Legal Assistance, Etrafficers, Inc. and its licensors. All rights reserved.
Home Page | About Us | Privacy Policy | Contact Us | Site Map | Top

Designed and powered by Etrafficers, Inc.

Complaint Exhibit C

**FEDERAL TRADE COMMISSION**

Matter No.:  092-3120

Matter Name:  U.S. Foreclosure Relief

Description:  Homeowners Legal Assistance

Free State Reporting, Inc.
1378 Cape St. Claire Road

Complaint Exhibit D

1                    R E C O R D I N G

2           RECORDING:  Are you losing your home to

3    foreclosure?  Are you behind on your mortgage and

4    fear the worst?  Homeowners Legal Assistance would

5    like to offer you a free, no obligation consultation

6    that will show you how to stop foreclosure, reduce

7    your interest rates and save thousands on your

8    mortgage.  Do not let this economic slowdown take

9    your home from you and your family.  You have worked

10   too hard.  Homeowners Legal Assistance is an

11   attorney-based loan modification firm that can

12   negotiate the terms of your mortgage so you can

13   afford to live in and enjoy your home.

14           Call for a free, no obligation

15   consultation.  There is no cost to find out how this

16   program can help you save your home.  Call 800-989-

17   0688.  That's 800-989-0688.  It does not matter how

18   far behind you are on payment or what your credit

19   score is.  Homeowners Legal Assistance is here to

20   listen and help.  Call now, 800-989-0688.  800-989-

21   0688.

22           (End of recording.)

23

24

25

                    Free State Reporting, Inc.
                    1378 Cape St. Claire Road

                                        Complaint Exhibit D

# C E R T I F I C A T E

I hereby certify that the foregoing has been transcribed to the best of my skill and ability from the audio recording.

_____
Kay Maurer
Transcriber

Free State Reporting, Inc.
1378 Cape St. Claire Road

Complaint Exhibit D

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Federal Trade Commission
The People of the Staet of California
The State of Missouri

**DEFENDANTS**
US Foreclosure Relief Corp., George Escalante, Cesar Lopez, and Adrian Pomery

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Sarah Schroeder, Federal Trade Commission
901 Market Street, Suite 570, San Francisco, CA 94103
Phone: (415) 848-5186

Attorneys (If Known)

Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ Full consumer restitution

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Section 5 of the Federal Trace Commission Act, 15 USC 45(a) (false and deceptive practices)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _____   **SACV09-768 JVS(MLGX)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | State of Missouri |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _KO Snie_     Date _July 7, 2009_

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV09- 768 JVS (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

# FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Federal Trade Commission, The People of The State of California, and The State of Missouri <br><br> PLAINTIFF(S) <br><br> v. <br><br> US Foreclosure Relief, Corp., a corporation, also d/b/a U.S. Foreclosure Relief, Inc., Lighthouse (continued on attached page) <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **SACV09-768 JVS(MLGX)** <br><br><br><br> **SUMMONS** |

TO:      DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Sarah Schroeder_____, whose address is _901 Market St, St 570, San Francisco CA 94521_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___JUL - 7 2009_____

By: _____Nancy Cesthea_____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

FOR OFFICE USE ONLY

Services, and California Foreclosure Specialists,

GEORGE ESCALANTE, individually and as an officer of US FORECLOSURE RELIEF CORP.,

CESAR LOPEZ, individually and also trading and doing business as H.E. Service Company, and

ADRIAN POMERY, ESQ., individually and also trading and doing business as Pomery & Associates,

Defendants.