1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| FEDERAL TRADE COMMISSION, THE PEOPLE OF THE STATE OF CALIFORNIA, AND THE STATE OF MISSOURI,<br><br>Plaintiffs,<br><br>v.<br><br>US FORECLOSURE RELIEF CORP., a corporation, also d/b/a U.S. Foreclosure Relief, Inc., Lighthouse Services, and California Foreclosure Specialists,<br><br>GEORGE ESCALANTE, individually and as an officer of US FORECLOSURE RELIEF CORP.,<br><br>CESAR LOPEZ, individually and also trading and doing business as H.E. Service Company, and<br><br>ADRIAN POMERY, ESQ., individually and also trading and doing business as Pomery & Associates,<br><br>Defendants. | Case No.  SACV 09-768-JVS(MLGx)<br><br>Preliminary Injunction With Asset Freeze, Appointment of Permanent Receiver and Other Equitable Relief |

Preliminary Injunction

Plaintiffs Federal Trade Commission ("FTC"), the People of the State of California ("State of California"), and State of Missouri ("Plaintiffs") filed their Complaint against Defendants (1) US Foreclosure Relief Corp., a corporation, (2) George Escalante, individually and as an officer of US Foreclosure Relief Corp., (3) Cesar Lopez, individually and also trading and doing business as H.E. Service Company; and (4) Adrian Pomery, Esq., individually and also trading and doing business as Pomery & Associates ("Defendants").  Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs concurrently applied ex parte for a temporary restraining order ("TRO") and for an order to show cause why a preliminary injunction should not be granted pursuant to Rule 65 of the Federal Rules of Civil Procedure, and why a permanent receiver should not be appointed.  .

## FINDINGS OF FACT

The Court has considered the Complaint, Plaintiffs' Ex Parte Application for a TRO, the memorandum in support of Plaintiffs' application, other materials filed in support thereof, and all other papers filed herein, and it appears to the satisfaction of the Court that:

1.     This Court has jurisdiction of the subject matter of this case.  There is also good cause to believe that it will have jurisdiction over all parties hereto, and that venue in this district is proper.

2.     There is good cause to believe that Defendants have engaged, and are likely to engage, in acts that violate Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45; Sections 17200 and 17500 of the California Business and Professions Code; and Sections 407.020 and 407.935 to 407.943 of the Missouri Merchandising Practices Act, §§  407.020 and 407.935-407.943 Mo. Rev. Stat.; and that the Plaintiffs are likely to prevail on the merits of this action.

3.     There is good cause to believe that immediate and irreparable harm will

result from Defendants' ongoing violations of the FTC Act, the California Business and Professions Code, and the Missouri Merchandising Practices Act unless Defendants are restrained and enjoined by order of this Court.

4.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief in the form of permanent injunctive relief, rescission, restitution, disgorgement, or other equitable monetary relief will occur from the sale, transfer, or other disposition or concealment by Defendants of assets or business documents or records unless Defendants are immediately restrained and enjoined by Order of this Court.

5.     There is good cause for the Court to appoint a Permanent Receiver over the Receivership Defendants.

6.     Considering Plaintiffs' likelihood of ultimate success and weighing the equities, a Preliminary Injunction ("Order") with an asset freeze, the appointment of a Permanent Receiver, and other equitable relief is in the public interest.

7.     No security is required of any agency of the United States for issuance of a restraining order.  Fed. R. Civ. P. 65(c).

**DEFINITIONS**

For the purposes of this Order, the following definitions shall apply:

1.     "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

2.     "Assisting others" means knowingly providing any of the following goods or services to another person:  (A) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (B) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material; (C) providing names of, or

assisting in the generation of, potential customers; or (D) performing marketing services of any kind.

3.    "Defendants" means US Foreclosure Relief Corp., a corporation, also d/b/a U.S. Foreclosure Relief, Inc., Lighthouse Services, and California Foreclosure Specialists; George Escalante, individually and as an officer of US Foreclosure Relief Corp.; Cesar Lopez, individually and also trading and doing business as H.E. Service Company, and Adrian Pomery, Esq., individually and also trading and doing business as Pomery & Associates; and each of them, by whatever names each might be known by, as well as their successors and assigns, whether acting directly or through any corporation, subsidiary, division, or other device, including, but not limited to, fictitious business names.

4.    "Document" is equal in scope and synonymous in meaning to the terms "document" and "electronically stored information," as described and used in Federal Rule of Civil Procedure 34(a).

5.    "Foreclosure consultant" is equal in scope and synonymous in meaning to the term "foreclosure consultant" as described and used in Section 2945.1(a) of the California Civil Code and Section 407.935 of the Missouri Merchandising Practices Act, § 407.935 Mo. Rev. Stat.

6.    "Individual Defendants" means George Escalante, Cesar Lopez, and Adrian Pomery, Esq.

7.    "Material fact" means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

8.    "Mortgage loan modification or foreclosure relief service" means any service, product, or program wherein the offeror, expressly or by implication, claims that it can assist a homeowner in any manner to (A) stop, prevent, or postpone any home mortgage foreclosure sale, (B) obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage, (C) obtain any forbearance from any mortgage loan holder or servicer, (D) exercise any statutory right of reinstatement,

Preliminary Injunction              4

(E) obtain any extension of the period within which the owner may reinstate his or her obligation, (F) obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in that deed of trust or mortgage, (G) obtain a loan or advance of funds that is connected to the consumer's home ownership, (H) avoid or ameliorate the impairment of the owner's credit standing, credit rating or credit profile resulting from the recording of a notice of default or the conduct of a foreclosure sale, (I) save the owner's residence from foreclosure, or (J) assist the owner in obtaining proceeds from the foreclosure sale of the owner's residence.  The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, budget, or financial counseling, receiving money for the purpose of distributing it to creditors, contacting creditors on behalf of the homeowner, arranging or attempting to arrange for an extension of the period within which the owner of property sold at foreclosure may cure his or her default, arranging or attempting to arrange for any delay or postponement of the time of a foreclosure sale, and giving advice of any kind with respect to filing for bankruptcy.

9.    "Mortgage loan holder or servicer" means any beneficiary, mortgagee, trustee, loan servicer, or any other loan holder and/or their authorized agents.

10.    "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

11.    "Plaintiffs" mean the Federal Trade Commission, the People of the State of California, and the State of Missouri.

12.    "Receivership Defendants" means US Foreclosure Relief Corp and the Individual Defendants doing business as US Foreclosure Relief Corp., U.S. Foreclosure Relief, Inc., Lighthouse Services, California Foreclosure Specialists, H.E. Service Company, H.E. Servicing Inc., Pomery & Associates, and Homeowners Legal Assistance.

Preliminary Injunction                    5

13.    "Telemarketing" means a plan, program, or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310) which is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

**ORDER**

**PROHIBITED REPRESENTATIONS**

**I.    IT IS THEREFORE ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the telemarketing, advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service, **are hereby restrained and enjoined** from falsely representing, or from assisting others who are falsely representing, expressly or by implication, any of the following:

    A.    That any Defendant or any other person will:

        1.    obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage;

        2.    obtain or arrange lower monthly mortgage payments for any consumer;

        3.    obtain or arrange affordable monthly mortgage payments for any consumer;

        4.    stop, prevent, or postpone any home mortgage foreclosure sale;

        5.    save any consumer's residence from foreclosure;

        6.    prevent a notice of default from being filed with respect to any consumer's residence or home loan;

        7.    obtain or write a new home loan for any consumer;

        8.    obtain or arrange refinancing of a home loan for any consumer;

9.     obtain or arrange a forbearance from any mortgage loan holder or servicer;

10.    obtain or arrange any agreement whereby any consumer's mortgage payments are deferred for any period of time; or

11.    immediately or promptly contact any consumer's mortgage loan holder or servicer;

B.     The degree of success that any Defendant or any other person has had in performing mortgage loan modification or foreclosure relief services;

C.     The length of time that any Defendant or any other person has been in the mortgage loan modification or foreclosure relief services business;

D.     The terms that any mortgage loan holder or servicer will or is likely to offer or accept to cure any delinquency or default on, or to re-instate, any mortgage or other home loan;

E.     The amount of time that it will take or is likely to take for any Defendant or other person to arrange or reach an agreement with any consumer's mortgage loan holder or servicer to prevent foreclosure or to cure any delinquency or default on, or to re-instate, any mortgage or other home loan;

F.     The nature of the Defendant's or any other person's relationship with any mortgage loan holder or servicer, or other lender;

G.     The cost of such service or of any aspect of such service;

H.     That any Defendant or any other person is affiliated with, endorsed or approved by, or otherwise connected to any government agency, unit or department, including but not limited to the U.S. Department of Housing and Urban Development (H.U.D.);

I.     The refund policy of any Defendant or any other person, including but not limited to the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer; or

J.     Any other material fact.

Preliminary Injunction                7

1    **II.    [This Section intentionally left blank.]**

2                    **RESTRICTION ON COLLECTION OF ADVANCE FEES**

3    **III.    IT IS FURTHER ORDERED** that Defendants and their officers, agents,

4    servants, employees, and attorneys, and those persons in active concert or

5    participation with any of them who receive actual notice of this Order by personal

6    service or otherwise, whether acting directly or through any corporation, subsidiary,

7    division, or other device, in connection with the telemarketing, advertising,

8    marketing, promotion, offering for sale or sale of any mortgage loan modification or

9    foreclosure relief service, **are hereby restrained and enjoined** from requesting or

10   receiving payment of any fee or consideration in advance of performing each and

11   every mortgage loan modification or foreclosure relief service that Defendants

12   contracted to perform or represented would be performed.

13                    **RESTRICTIONS ON BUSINESS ACTIVITIES AS**

14                    **FORECLOSURE CONSULTANT**

15   **IV.    IT IS FURTHER ORDERED** that Defendants and their officers, agents,

16   servants, employees, and attorneys, and those persons in active concert or

17   participation with any of them who receive actual notice of this Order by personal

18   service or otherwise, whether acting directly or through any corporation, subsidiary,

19   division, or other device, in connection with the telemarketing, advertising,

20   marketing, promotion, offering for sale or sale of the services of a foreclosure

21   consultant, are **hereby restrained and enjoined** violating, or assisting others in

22   violating, any provision of California Civil Code Sections 2945 to 2945.11 or any

23   provision of Sections 407.935 to 407.943 of the Missouri Merchandising Practices

24   Act, §§ 407.935-407.943 Mo. Rev. Stat., including, but not limited to, failing to

25   include in any written contract for such services the notices required by Section

26   2945.3 of the California Civil Code and Section 407.938 of the Missouri

27   Merchandising Practices Act, § 407.938 Mo. Rev. Stat.

28                                    **ASSET FREEZE**

**V.    IT IS FURTHER ORDERED** that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Plaintiffs to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by any Defendant, or any trust, partnership, joint venture, person or entity affiliated with any Receivership Defendant, including but not limited to the following accounts:

| Institution Name | Account Holder | Last Four Digits of Account Number |
|---|---|---|
| Wells Fargo Bank, N.A. | US Foreclosure Relief Corporation | 7733 |
| Wells Fargo Bank, N.A. | US Foreclosure Relief Corp. DBA Lighthouse Service | 0699 |
| Wells Fargo Bank, N.A. | US Foreclosure Relief Corp. | 0962 |
| Wells Fargo Bank, N.A. | US Foreclosure Relief Corp. | 1135 |
| Wells Fargo Bank, N.A. | H.E. Servicing Inc. | 5490 |
| Wells Fargo Bank, N.A. | H.E. Servicing Inc. | 1960 |
| Wells Fargo Bank, N.A. | H.E. Servicing Inc. | 2000 |
| PayPal, Inc. | US Foreclosure Relief | 6474 |
| Bank of America | Adrian Pomery & Associates | 8791 |

The Court finds that Brandon Moreno is a person acting in concert with Defendants in carry out the unlawful conduct described above.  The asset freeze

1  herein shall also apply to his attorney trust account, and he received and

2  acknowledged notice of such freeze in open court.

3

4  **VI.    IT IS FURTHER ORDERED** that Defendants are hereby restrained and

5  enjoined, until further order of this Court, from:

6          A.    Transferring, encumbering, selling, concealing, pledging,

7  hypothecating, assigning, spending, withdrawing, disbursing, conveying, gifting,

8  dissipating, or otherwise disposing of any funds, property, coins, lists of consumer

9  names, shares of stock, or other assets, wherever located, that are (1) owned or

10 controlled by any of the Defendants, in whole or in part; (2) in the actual or

11 constructive possession of any of the Defendants; (3) held by an agent of any of the

12 Defendants, as a retainer for the agent's provision of services to a Defendant; or (4)

13 owned, controlled by, or in the actual or constructive possession of, or otherwise

14 held for the benefit of, any corporation, partnership, or other entity directly or

15 indirectly owned or controlled by any of the Defendants;

16         B.    Collecting or attempting to collect payment, in whole or in part, from

17 any consumer who hired Defendants prior to the entry of the TRO or this Order;

18         C.    Opening or causing to be opened any safe deposit boxes titled in the

19 name of any of the Defendants, or subject to access by any of the Defendants; and

20         D.    Incurring charges or cash advances on any credit or debit card issued in

21 the name, singly or jointly, of any of the Defendants, or any corporation, partnership,

22 or other entity directly or indirectly owned or controlled by any of the Defendants.

23         *Provided, however*, that the freeze imposed in this Section shall be construed

24 to apply to assets acquired by any Defendant following entry of the TRO only if such

25 assets are or were derived from activity prohibited by this Order or by the TRO, and

26 *provided further* that this Section shall not be construed to prohibit Pomery &

27 Associates from disbursing funds that are held in trust fund accounts or client funds

28 accounts established pursuant to Rule 4-100 of the California Rules of Professional

Conduct and that are held for the benefit of legal services clients ("Rule 4-100 accounts"), so long as:

> (1)    Such funds were not received as payment for mortgage loan modification or foreclosure relief services;
>
> (2)    Such funds are not disbursed for any purpose related to mortgage loan modification or foreclosure relief services;
>
> (3)    Pomery & Associates shall provide to Plaintiffs and the Permanent Receiver within five (5) days of the date of service of this Order, if not already provided pursuant to the TRO in this matter, a sworn statement indicating as to each Rule 4-100 account it maintains (a) whether the account contains funds received as payment for mortgage loan modification or relief service, and (b) a copy of the written journal that is required by Rule 4-100 to be kept for each such bank account that sets forth the name of such account; the date, amount, and client affected by each debit and credit; and the current balance in such account; and
>
> (4)    Pomery & Associates shall make and retain detailed records explaining the reason for each such disbursement and noting the date and amount of the disbursement and the name, address, and telephone number of the payee.

## FINANCIAL REPORTS

**VII.   IT IS FURTHER ORDERED** that, if they have not already done so pursuant to the TRO in this matter, within forty-eight (48) hours after service of this Order:

A.    Each of the Individual Defendants shall complete and deliver to Plaintiffs and the Permanent Receiver the Financial Statement captioned "Financial Statement of Individual Defendant," a copy of which was attached as Attachment A to the TRO in this matter;

B.    The Individual Defendants shall, on behalf of US Foreclosure Relief Corp., prepare and deliver to Plaintiffs and the Permanent Receiver the Financial

Statement captioned "Financial Statement of Corporate Defendant," a copy of which was attached as Attachment B to the TRO in this matter.  The Individual Defendants shall be jointly and severally liable for this obligation;

C.     Each of the Individual Defendants shall, on behalf of each corporation or other entity of which he is the majority owner or otherwise controls, other than US Foreclosure Relief Corp., complete and deliver to Plaintiffs and the Permanent Receiver a separate copy of the "Financial Statement of Corporate Defendant";

D.     Defendants shall provide the Plaintiffs and the Permanent Receiver access to records and documents pertaining to assets of any of the Defendants that are held by financial institutions outside the territory of the United States by signing a Consent to Release of Financial Records, a copy of which is attached hereto as Attachment C; and

E.     Defendants shall provide to Plaintiffs and the Permanent Receiver such other financial statements as Plaintiffs or the Permanent Receiver may request in order to monitor Defendants' Compliance with this Order.

**PRESERVATION OF RECORDS AND TANGIBLE THINGS**

**VIII.  IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby enjoined from:

A.     Destroying, secreting, defacing, transferring, or otherwise altering or disposing, in any manner, directly or indirectly, any documents that relate to the business practices, or business or personal finances, of Defendants or any other entity directly or indirectly under the control of Defendants; or

B.     Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets,

Preliminary Injunction                    12

1  disbursements, transactions and use of monies by any Defendant or other entity

2  directly or indirectly under the control of any Defendants.

3      This Section specifically applies to all documents that have been or are

4  displayed on or have been or are accessible from any and all Internet websites owned

5  or controlled by any Defendant, including but not limited to any of the websites with

6  the following domain names:  www.cafspecialists.com, www.pomerylaw.com,

7  www.homelegalassistance.com, or www.stopforeclosuretogether.com.

8  **PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR**

9  **CUSTOMER LISTS**

10  **IX.    IT IS FURTHER ORDERED** that Defendants and their officers, agents,

11  servants, employees, and attorneys, and those persons in active concert or

12  participation with any of them who receive actual notice of this Order by personal

13  service or otherwise, are hereby restrained and enjoined from selling, renting,

14  leasing, transferring, or otherwise disclosing the name, address, telephone number,

15  credit card number, bank account number, e-mail address, or other identifying

16  information of any person who paid money to any of the Defendants for a mortgage

17  loan modification or foreclosure relief service or who were contacted or are on a list

18  to be contacted by any of the Defendants; *provided, however*, that Defendants may

19  disclose such identifying information to a law enforcement agency or as required by

20  any law, regulation, or court order.

21  **NOTIFICATION OF BUSINESS ACTIVITIES**

22  **X.    IT IS FURTHER ORDERED** that:

23      A.    Each of the Individual Defendants is hereby restrained and enjoined

24  from directly or indirectly creating, operating, or exercising any control over any

25  business entity, including any partnership, limited partnership, joint venture, sole

26  proprietorship or corporation, without first serving on counsel for the Plaintiffs a

27  written statement disclosing the following: (1) the name of the business entity; (2)

28  the address and telephone number of the business entity; (3) the names of the

Preliminary Injunction       13

1   business entity's officers, directors, principals, managers and employees; and (4) a

2   detailed description of the business entity's intended or actual activities; and

3        B.    Each of the Individual Defendants shall notify the Plaintiffs at least

4   seven (7) days prior to affiliating with, becoming employed by, or performing any

5   work for any business that is not a named Defendant in this action.  Each notice shall

6   include the Defendant's new business address and a statement of the nature of the

7   business or employment and the nature of his or her duties and responsibilities in

8   connection with that business or employment.

9                          **FINANCIAL INSTITUTIONS**

10  **XI.    IT IS FURTHER ORDERED** that any financial or brokerage institution, any

11  business entity, or any other person having possession, custody, or control of any

12  records of any of the Defendants, or of any account, safe deposit box, or other asset

13  titled in the name of any of the Defendants, either individually or jointly or held for

14  the benefit of any of the  Defendants shall:

15       A.    Provide to the Plaintiffs and to the Permanent Receiver, within three (3)

16  business days of notice of this Order, and if not already provided pursuant to the

17  TRO in this matter, a sworn statement setting forth:

18             1.    the identification of each account or asset;

19             2.    the balance of each account or a description of the nature and

20                   value of each asset as of the close of business on the day

21                   notification of this Order is received, and, if the account or asset

22                   has been closed or moved, the balance or value removed, the date

23                   on which it was removed, and the person to whom it was

24                   transferred; and

25             3.    the identification of any safe deposit box titled in the name of or

26                   subject to access by any of the Defendants; and

27       B.    Upon request by counsel for the Plaintiffs or the Permanent Receiver,

28  promptly provide the Plaintiffs with copies of all records or other documentation

Preliminary Injunction                    14

1   pertaining to such account or asset, including but not limited to originals or copies of

2   account applications, account statements, signature cards, checks, drafts, deposit

3   tickets, transfers to and from the accounts, all other debit and credit instruments or

4   slips, currency transaction reports, 1099 forms, and safe deposit box logs.

**REPATRIATION OF ASSETS**

6   **XII.   IT IS FURTHER ORDERED** that within five (5) business days following

7   service of this Order, and if not already provided pursuant to the TRO in this matter,

8   each of the Defendants shall:

9          A.     Repatriate to the United States all funds, documents, or assets in foreign

10   countries held either: (1) by them; (2) for their benefit; or (3) under their direct or

11   indirect control, jointly or singly;

12          B.     The same business day as any repatriation under sub-section A above,

13                 1.     notify the Plaintiffs and the Permanent Receiver of the name and

14                        location of the financial institution or other entity that is the

15                        recipient of such funds, documents, or assets; and

16                 2.     serve this Order on any such financial institution or other entity;

17          C.     Provide the Plaintiffs and the Permanent Receiver with a full accounting

18   of all funds, documents, and assets outside of the territory of the United States held

19   either: (1) by them; (2) for their benefit; or (3) under their direct or indirect control,

20   jointly or singly; and

21          D.     Hold and retain all repatriated funds, documents, and assets and prevent

22   any transfer, disposition, or dissipation whatsoever of any such assets or funds,

23   except as provided in this Order.

**APPOINTMENT OF PERMANENT RECEIVER**

25   **XIII.  IT IS FURTHER ORDERED** that Thomas McNamara and Labella &

26   McNamara are hereby appointed Permanent Receiver for the business assets and

27   operations of the Receivership Defendants, with the full power of an equity receiver.

28   The Permanent Receiver shall be the agent of this Court, and solely the agent of this

Court, in acting as Permanent Receiver under this Order.  The Permanent Receiver shall be accountable directly to this Court.  The Permanent Receiver shall comply with all Local Rules of this Court governing receivers.

## PERMANENT RECEIVERSHIP DUTIES

**XIV.  IT IS FURTHER ORDERED** that the Permanent Receiver is authorized and directed to accomplish the following:

A.     Continue to conduct the business, or cease operation of the business, of the Receivership Defendants in such manner, to such extent, and for such duration as the Permanent Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably and lawfully, if at all;

B.     Assume full control of the Receivership Defendants by removing, as the Permanent Receiver deems necessary or advisable, any director, officer, manager, independent contractor, employee, or agent of any of the Receivership Defendants, including any Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

C.     Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated, including but not limited to the accounts identified in Section V  – *provided, however*, that the Permanent Receiver shall not take custody, control or possession of assets or documents not used for the business operations of the Receivership Defendants.  The Permanent Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by, or are under the direction, possession, custody, or control of the Receivership Defendants;

D.     Take all steps necessary to secure all premises Defendants are using to conduct business under the name US Foreclosure Relief Corp., Lighthouse Services, California Foreclosure Specialists, H.E. Service Company, H.E. Servicing Inc.,

Preliminary Injunction              16

Pomery & Associates, or Homeowners Legal Assistance, including but not limited to all such premises located at (1) 2125 East Katella Avenue, Anaheim, CA 92806, (2) 2050 West Chapman Avenue, Orange, CA 92868, and (3) 1010 West Chapman Avenue, Suite 200, Orange, CA 92868 – *provided, however*, that the Permanent Receiver shall not take custody of or secure the premises of the primary abode of any Individual Defendant.

Such steps may include, but are not limited to, any of the following, as the Permanent Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and video taping any or all portions of the premises; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Permanent Receiver with proof of identification, or to demonstrate to the satisfaction of the Permanent Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants. Law enforcement officers may assist the Permanent Receiver in implementing these provisions to keep the peace and maintain security;

E.     Conserve, hold, and manage all assets of the Receivership Defendants, and perform all acts necessary or advisable to preserve the value of those assets to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the assets and preventing unauthorized transfer, withdrawal, or misapplication of assets;

F.      Enter into contracts and purchase insurance as advisable or necessary;

G.      Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

H.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Permanent Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

I.      Have the sole authority to hire legal counsel on behalf of any of the Receivership Defendants;

J.      Determine and implement the manner in which the Receivership Defendants will comply with, and prevent violations of, this Order and all other applicable laws, including, but not limited to, revising sales materials and implementing monitoring procedures;

K.      Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Permanent Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants, or that the Permanent Receiver deems necessary and advisable to carry out the Permanent Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

L.      Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Permanent Receiver in his or her role as Permanent Receiver, or against the Receivership Defendants, as the Permanent Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants, or as the Permanent Receiver deems necessary and advisable to carry out the Permanent Receiver's mandate under this Order;

1        M.     Issue subpoenas to obtain documents pertaining to the receivership, and

2  conduct discovery in this action on behalf of the receivership estate;

3        N.     Open one or more bank accounts as designated depositories for funds of

4  the Receivership Defendants.  The Permanent Receiver shall deposit all funds of the

5  Receivership Defendants in such a designated account and shall make all payments

6  and disbursements from the receivership estate from such an account;

7        O.     Maintain accurate records of all receipts and expenditures that he or she

8  makes as Permanent Receiver; and

9        P.     Cooperate with reasonable requests for information or assistance from

10  any state or federal law enforcement agency.

11        *Provided, however*, that to the extent Pomery & Associates is providing

12  services other than mortgage loan modification or foreclosure relief services that are

13  professional legal services, the Permanent Receiver shall have no responsibility for

14  supervising or otherwise overseeing such professional legal services.

15                   **COOPERATION WITH THE RECEIVER**

16  **XV.  IT IS FURTHER ORDERED** that Defendants and their officers, agents,

17  servants, employees, and attorneys, and those persons in active concert or

18  participation with any of them who receive actual notice of this Order by personal

19  service or otherwise shall fully cooperate with and assist the Permanent Receiver.

20  Such cooperation and assistance shall include, but not be limited to, providing

21  information to the Permanent Receiver that the Permanent Receiver deems necessary

22  in order to exercise the authority and discharge the responsibilities of the Permanent

23  Receiver under this Order; providing any password required to access any computer,

24  telephonic or electronic data in any medium; and advising all persons who owe

25  money to the Receivership Defendants that all debts should be paid directly to the

26  Permanent Receiver.  Defendants are hereby restrained and enjoined from directly or

27  indirectly:

28

Preliminary Injunction          19

A.    Transacting any of the business of the Receivership Defendants or transacting business under the names US Foreclosure Relief Corp., Lighthouse Services, California Foreclosure Specialists, H.E. Service Company, H.E. Servicing Inc., Pomery & Associates, or Homeowners Legal Assistance;

B.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants, including, but not limited to, scripts, telephone call logs, audio or visual recordings, correspondence, computer records, and other data compilations, electronically-stored records, books, records, accounts, writings, drawings, graphs, charts, photographs, or any other papers of any kind or nature;

C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Permanent Receiver;

D.    Excusing debts owed to the Receivership Defendants;

E.    Failing to notify the Permanent Receiver of any asset, including accounts, of a Receivership Defendant held in any name other than the name of the Receivership Defendant, or by any person other than the Receivership Defendant, or failing to provide any assistance or information requested by the Permanent Receiver in connection with obtaining possession, custody, or control of such assets; and

F.    Doing any act or refraining from any act whatsoever to interfere with the Permanent Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this receivership; or to harass or interfere with the Permanent Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Permanent Receiver or the Permanent Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

Preliminary Injunction                    20

**DELIVERY OF RECEIVERSHIP PROPERTY**

**XVI. IT IS FURTHER ORDERED** that:

A. Immediately upon service of this Order upon them, or within such period as may be permitted by the Permanent Receiver and upon the Permanent Receiver's request, Defendants and any other person served with a copy of this Order or who otherwise has actual knowledge of this Order, shall transfer or deliver possession, custody, and control of the following to the Permanent Receiver:

1. All assets of the Receivership Defendants (including but not limited to desktop and laptop computers and network servers);

2. All documents of the Receivership Defendants (including but not limited to books and records of accounts, financial and accounting records, balance sheets, income statements, bank records, client lists, scripts, correspondence, complaint files, electronic records, title documents, lease agreements, and other papers);

3. All assets belonging to members of the public now held by the Receivership Defendants; and

4. All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property;

*Provided, however*, that this Section shall not be construed to contradict any of the requirements set forth in Section VI of this Order regarding Rule 4-100 accounts or require anyone to transfer or deliver possession, custody, and control of assets or documents not used for business operations conducted under the name of US Foreclosure Relief Corp., U.S. Foreclosure Relief, Inc., Lighthouse Services,

Preliminary Injunction                    21

1  California Foreclosure Specialists, H.E. Service Company, H.E. Servicing Inc.,

2  Pomery & Associates, and Homeowners Legal Assistance; and

3    B.    In the event any person fails to deliver or transfer any asset or otherwise

4  fails to comply with any provision of this Section, the Permanent Receiver may file

5  *ex parte* an Affidavit of Non-Compliance regarding the failure.  Upon filing of the

6  affidavit, the Court may authorize, without additional process or demand, Writs of

7  Possession or Sequestration or other equitable writs requested by the Permanent

8  Receiver.  The writs shall authorize and direct the United States Marshal or any

9  sheriff or deputy sheriff of any county, or any other federal or state law enforcement

10  officer, to seize the asset, document, or other thing and to deliver it to the Permanent

11  Receiver.

12              **TRANSFER OF FUNDS TO THE PERMANENT RECEIVER**

13  **XVII.**        **IT IS FURTHER ORDERED** that, upon service of a copy of this

14  Order, all banks, broker-dealers, savings and loans, escrow agents, title companies,

15  commodity trading companies, precious metals dealers and other financial

16  institutions and depositories of any kind, all payment systems or services, and all

17  third-party billing agents, LEC's, common carriers, and other telecommunications

18  companies shall cooperate with all reasonable requests of the Plaintiffs and the

19  Temporary Receiver relating to implementation of this Order, including transferring

20  funds at his or her direction and producing records related to the assets and sales of

21  the Receivership Defendants.

22              **COMPENSATION OF PERMANENT RECEIVER**

23  **XVIII.**        **IT IS FURTHER ORDERED** that the Permanent Receiver and all

24  personnel hired by the Permanent Receiver as herein authorized, including counsel to

25  the Permanent Receiver and accountants, are entitled to reasonable compensation for

26  the performance of duties pursuant to this Order and for the cost of actual

27  out-of-pocket expenses incurred by them, from the assets now held by, in the

28  possession or control of, or which may be received by, the Receivership Defendants.

Preliminary Injunction              22

The Permanent Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no later than sixty (60) days after the date of this Order. The Permanent Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**PERMANENT RECEIVER'S BOND**

**XIX. IT IS FURTHER ORDERED** that the Permanent Receiver shall file with the Clerk of this Court a bond in the sum of $100,00 with sureties to be approved by the Court, conditioned upon the Permanent Receiver well and truly performing the duties of the office, and abiding by and performing all acts the Court directs. Except for an act of gross negligence, the Permanent Receiver, his agents, staff employees and any person or entity engaged by him to assist in performing his duties and responsibilities as Permanent Receiver, shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the Permanent Receiver in connection with the discharge of his or her duties and responsibilities.

**STAY OF ACTIONS**

**XX.  IT IS FURTHER ORDERED** that:

A.    Except by leave of this Court, Defendants and all other persons or entities (except for Plaintiffs) are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of: (a) the Defendants, (b) any of the Receivership Defendants' assets, or c) the Permanent Receiver or the Permanent Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

Preliminary Injunction                    23

2.    Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3.    Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not;

4.    Causing any Receivership Defendant to be placed in involuntary bankruptcy; or

5.    Doing any act or thing whatsoever to interfere with the Permanent Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this receivership, or to harass or interfere with the Permanent Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; and

B.    This Section does not stay:

1.    The commencement or continuation of a criminal action or proceeding;

2.    The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.    The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

4.    The commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units.

### DISTRIBUTION OF ORDER

**XXI.  IT IS FURTHER ORDERED** that the Individual Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent, attorney, spouse and representative of the Defendants, and shall, within ten (10) days from the date of service of this Order, provide the Plaintiffs with a sworn statement that the Individual Defendants have complied with this provision of the Order, which statement shall include the names, titles, addresses, and telephone numbers of each such person who received a copy of the Order.  The Permanent Receiver has no obligation under this provision.

### CORRESPONDENCE WITH PLAINTIFFS

**XXII.        IT IS FURTHER ORDERED** that for the purposes of this Order, all service on and correspondence to the Plaintiffs shall be addressed to:

A.    Sarah Schroeder,  Federal Trade Commission, 901 Market Street, Ste. 570, San Francisco, CA 94102.  Telephone: (415) 848-5186;  Facsimile: (415) 848-5184;

1      B.     Daniel A. Olivas, Deputy Attorney General of the State of California,

2   300 South Spring Street, Suite 1702, Los Angeles, CA 90013.  Telephone: (213)

3   897-2707; Facsimile: (213) 897-4951; and

4      C.     Stewart Freilich, Assistant Attorney General of the State of Missouri,

5   1530 Rax Court, Jefferson City, MO 65109.  Telephone:  (573) 751-7007; Facsimile:

6   (573) 751-2041.

Preliminary Injunction                    26

# SERVICE OF THIS ORDER

**XXIII.**     **IT IS FURTHER ORDERED** that copies of this Order may be by any means, including facsimile transmission, upon any financial institution or other person that may have possession, custody, or control of any documents or assets of any Defendant, or that may be subject to any provision of this Order.

IT IS SO ORDERED, this 17th day of July, 2009.

_____

JAMES V. SELNA

UNITED STATES DISTRICT JUDGE

Presented by:

Dated: _____, 2009      WILLARD K. TOM
                                        General Counsel


                                        _____
                                        SARAH SCHROEDER
                                        KERRY O'BRIEN
                                        LAURA FREMONT
                                        Attorneys for Plaintiff
                                        Federal Trade Commission


                                        EDMUND G. BROWN JR.
                                        Attorney General, State of California


                                        _____
                                        DANIEL A. OLIVAS
                                        Attorney for Plaintiff
                                        The People of the State of California

1

2

3
CHRIS KOSTER
Attorney General of Missouri

4

5
_____
STEWART FREILICH

6
JOHN PHILLIPS
Attorneys for Plaintiff

7
State of Missouri

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Preliminary Injunction                    28