1  WILLARD K. TOM
   General Counsel
2  SARAH SCHROEDER (Cal. Bar No. 221528)
   KERRY O'BRIEN (Cal. Bar No. 149264)
3  LAURA FREMONT (Cal. Bar No. 159670)
   Staff Attorneys
4  901 Market Street, Suite 570
   San Francisco, CA 94103
5  Telephone: (415) 848-5100
   Facsimile: (415) 848-5184
6  e-mail: sschroeder@ftc.gov; kobrien@ftc.gov
              lfremont@ftc.gov
7  Attorneys for Plaintiff
   FEDERAL TRADE COMMISSION
8
   EDMUND G. BROWN JR.
9  Attorney General of the State of California
   FRANCES T. GRUNDER (Cal. Bar No. 163804)
10 Senior Assistant Attorney General
   ROBYN C. SMITH (Cal. Bar No. 165446)
11 Supervising Deputy Attorney General
   DANIEL A. OLIVAS (Cal. Bar No. 130405)
12 Deputy Attorney General
   300 South Spring Street, Suite 1702; Los Angeles, CA 90013
13 Telephone: (213) 897-2705; Facsimile: (213) 897-4951
   e-mail: dan.olivas@doj.ca.gov
14 Attorneys for Plaintiff
   THE PEOPLE OF THE STATE OF CALIFORNIA
15
   CHRIS KOSTER
16 Attorney General of the State of Missouri
   STEWART FREILICH (Mo. Bar No. 36924)
17 JOHN PHILLIPS (Mo. Bar No. 55159)
   Assistant Attorneys General
18 1530 Rax Court; Jefferson City, MO 65109
   Telephone:  (573) 751-7007; Facsimile: (573) 751-2041
19 e-mail: stewart.freilich@ago.mo.gov; john.phillips@ago.mo.gov
   Attorneys for Plaintiff
20 STATE OF MISSOURI

21              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
22

| 23 FEDERAL TRADE COMMISSION, THE PEOPLE OF THE STATE OF CALIFORNIA, AND THE STATE OF MISSOURI, | Case No. SACV09-768 JVS (MLGX) |
|---|---|
| 24 | **STIPULATED FINAL JUDGMENT FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS AS TO DEFENDANTS US FORECLOSURE RELIEF CORP., H.E. SERVICING INC., GEORGE ESCALANTE, ADRIAN POMERY, AND CESAR LOPEZ** |
| 25 Plaintiffs, | |
| 26 v. | |
| 27 | |
| 28 | |

Final Judg. - Escalante, Pomery, Lopez

US FORECLOSURE RELIEF CORP., a corporation, also d/b/a U.S. Foreclosure Relief, Inc., Lighthouse Services, and California Foreclosure Specialists,

H.E. SERVICING, INC., a corporation,

CRESIDIS LEGAL, A PROFESSIONAL CORPORATION, a corporation, also d/b/a Homeowners Legal Assistance and f/k/a Citadel Legal, a Professional Corporation,

GEORGE ESCALANTE, individually and as an officer of US FORECLOSURE RELIEF CORP. and of H.E. SERVICING, INC.,

CESAR LOPEZ, individually and also trading and doing business as H.E. Service Company,

ADRIAN POMERY, ESQ., individually and also trading and doing business as Pomery & Associates, and

BRANDON MORENO, ESQ., individually and as an officer of CRESIDIS LEGAL, A PROFESSIONAL CORPORATION,

Defendants.

Plaintiffs Federal Trade Commission ("FTC" or "Commission", the People of the State of California, and the State of Missouri ("Plaintiffs") and Defendants US Foreclosure Relief Corp.; H.E. Servicing, Inc.; George Escalante; Cesar Lopez; and Adrian Pomery ("Defendants") have stipulated to the entry of a Final Judgment as to Defendants US Foreclosure Relief Corp., H.E. Servicing Inc., George Escalante, Adrian Pomery, and Cesar Lopez ("Judgment") by the Court to resolve all claims against Defendants set forth in the First Amended Complaint and all matters in dispute between Plaintiffs and Defendants in this action.  Defendants have consented

Final Judg. - Escalante, Pomery, Lopez     2

to entry of this Judgment without trial or adjudication of any issue of law or fact herein and have agreed that entry of this Judgment in the docket by the Court will constitute notice to Defendants of the terms and conditions of the Judgment. Defendants waive service of the First Amended Complaint.

# FINDINGS

By stipulation of the parties and being advised of the premises, the Court finds:

1.     This is an action by the FTC, People of the State of California, and the State of Missouri instituted under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b); various provisions of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310; §§ 17200 et seq. and 17500 et seq. of the California Business and Professions Code; and §§ 407.020 and 407.935 to 407.943 of the Missouri Merchandising Practices Act, §§ 407.020 and 407.935-407.943 Mo. Rev. Stat.  The Amended Complaint seeks both permanent injunctive relief and consumer redress for Defendants' alleged deceptive acts or practices in connection with the marketing and sale of mortgage loan modification and foreclosure relief services.

2.     Plaintiff FTC has the authority under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, to seek the relief it has requested.

3.     Plaintiff the People of the State of California, by and through Edmund G. Brown Jr., Attorney General of the State of California, have authority under Section 4(a) of the Telemarketing Act, 15 U.S.C. § 6103(a), under the California unfair competition law ("UCL") codified at California Business and Professions Code § 17200 et seq., and under the false advertising law ("FAL") codified at California Business and Professions Code § 17500 et seq., to seek the relief they have requested.

Final Judg. - Escalante, Pomery, Lopez     3

4.    Plaintiff the State of Missouri, by and through its Attorney General Chris Koster, has authority under Section 407.100 of the Missouri Merchandising Practices Act to seek the relief it has requested.

5.    This Court has jurisdiction over the subject matter of this case and has jurisdiction over Defendants.  Venue in the Central District of California is proper.

6.    The activities of Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

7.    The parties stipulate and agree to entry of this Judgment, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint to the date of entry of this Judgment.  This settlement does not settle and resolve any matters not alleged in the Complaint.  Defendants do not admit any of the allegations set forth in the Complaint, other than the jurisdictional facts, merely by stipulating and agreeing to the entry of this Judgment.

8.    Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Judgment.  Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Judgment.  Each settling party shall bear its own costs and attorneys fees.

9.    Defendants waive any claim that they may hold against the Permanent Receiver, his employees, representatives, or agents.

10.    This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

11.    Entry of this Judgment is in the public interest.

**DEFINITIONS**

For purposes of this Judgment, the following **Definitions** shall apply:

1.      "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

2.      "**Assisting others**" includes, but is not limited to, providing any of the following goods or services to another person:  (A) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (B) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including but not limited to, the text of any Internet website, email, or other electronic communication; (C) providing names of, or assisting in the generation of, potential customers; (D) performing marketing services of any kind; (E) providing legal services; or (F) acting or serving as an owner, officer, director, manager, or principal of any entity.

3.      "**Charitable contribution**" means any donation or gift of money or any other thing of value.

4.      "**Credit**" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

5.      "**Debt relief good or service**" means any good, service, plan, or program, including debt management plans, debt settlement, debt negotiation, and for-profit credit counseling, represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors, servicers, or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor, servicer, or debt collector.

6.     "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.  "**Corporate Defendants**" means H.E. Servicing, Inc., and US Foreclosure Relief Corp., also dba U.S. Foreclosure Relief, Inc., Lighthouse Services, and California Foreclosure Specialists.  "**Individual Defendants**" means George Escalante, Cesar Lopez, and Adrian Pomery.

7.     "**Document**" is equal in scope and synonymous in meaning to the terms "document" and "electronically stored information," as described and used in Federal Rule of Civil Procedure 34(a).

8.     "**Established business relationship**" means a relationship between the seller and a person based on:  (a) the person's purchase, rental, or lease of the seller's goods or services or a financial transaction between the person and seller, within the eighteen (18) months immediately preceding the date of the telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the seller, within the three (3) months immediately preceding the date of a telemarketing call.

9.     "**Financial related good or service**"  means any good, service, plan, or program that is represented, expressly or by implication, to (A) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards; (B) improve, or arrange to improve, any consumer's credit record, credit history, or credit rating; (C) provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating; (D) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; (E) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, debt relief good or services; (F) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to

1  renegotiate, settle, or in any way alter the terms of payment or other terms of the debt

2  between a consumer and one or more secured creditors, servicers, or debt collectors.

3        10.  "**Federal homeowner relief or financial stability program**" means

4  any program (including its sponsoring agencies, telephone numbers, and Internet

5  websites) operated or endorsed by the United States government to provide relief to

6  homeowners or stabilize the economy, including but not limited to (A) the Making

7  Home Affordable Program; (B) the Financial Stability Plan; (C) the Troubled Asset

8  Relief Program and any other program sponsored or operated by the United States

9  Department of the Treasury; (D) the HOPE for Homeowners program, any program

10  operated or created pursuant to the Helping Families Save Their Homes Act, and any

11  other program sponsored or operated by the Federal Housing Administration; or (E)

12  any program sponsored or operated by the United States Department of Housing and

13  Urban Development ("HUD"), the HOPE NOW Alliance, the Homeownership

14  Preservation Foundation, or any other HUD-approved housing counseling agency.

15        11.  "**Material fact**" means any fact that is likely to affect a person's choice

16  of, or conduct regarding, goods or services.

17        12.  "**Mortgage loan modification or foreclosure relief service**" means

18  any good, service, plan, or program that is represented, expressly or by implication,

19  to assist a consumer in any manner to (A) stop, prevent, or postpone any residential

20  mortgage or deed of trust foreclosure sale; (B) obtain or arrange a modification of

21  any term of a residential loan, deed of trust, or mortgage; (C) obtain any forbearance

22  from any mortgage loan holder or servicer on any residential loan, deed of trust, or

23  mortgage; (D) exercise any right of reinstatement of any residential mortgage loan;

24  (E) obtain, arrange, or attempt to obtain or arrange any extension of the period within

25  which the owner of residential property sold at foreclosure may cure his or her

26  default or reinstate his or her obligation; (F) obtain any waiver of an acceleration

27  clause contained in any promissory note or contract secured by a deed of trust or

28  mortgage on a residence in foreclosure or contained in that deed of trust; (G) obtain a

Final Judg. - Escalante, Pomery, Lopez    7

loan or advance of funds that is connected to the consumer's home ownership; (H) avoid or ameliorate the impairment of the consumer's credit record, credit history, or credit rating that is connected to the consumer's home ownership; (I) save the consumer's residence from foreclosure; (J) assist the consumer in obtaining proceeds from the foreclosure sale of the consumer's residence; (K) obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure of a consumer's residence; (L) obtain or arrange a refinancing, recapitalization, or reinstatement of a residential loan, deed of trust, or mortgage; (M) audit or examine a consumer's mortgage or home loan application; or (N) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the renter of residential property sold at foreclosure may continue to occupy the property.  The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, credit, budget, or financial counseling; receiving money for the purpose of distributing it to creditors; contacting creditors or servicers on behalf of the consumer; giving advice of any kind with respect to filing for bankruptcy; and any services delineated in California Civil Code Section 2945.1(a).

13.   "**National Do Not Call Registry**" means the National Do Not Call Registry, which is the "do-not-call" registry maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

14.   "**Outbound telephone call**" means a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

15.   "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

16.   "**Plaintiffs**" means the Federal Trade Commission; the People of the State of California, by and through Edmund G. Brown Jr., Attorney General of the

State of California; and the State of Missouri, by and through its Attorney General Chris Koster.

17.     "**Receiver**" or "**Permanent Receiver**" means Thomas McNamara and La Bella & McNamara, LLP.

18.     "**Receivership Defendants**" means US Foreclosure Relief Corp and the Individual Defendants doing business as US Foreclosure Relief Corp., U.S. Foreclosure Relief, Inc., Lighthouse Services, California Foreclosure Specialists, H.E. Service Company, H.E. Servicing Inc., Pomery & Associates, and Homeowners Legal Assistance.

19.     "**Seller**" means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration whether or not such person is under the jurisdiction of the Commission.

20.     "**Servicer**" means any beneficiary, mortgagee, trustee, loan servicer, loan holder, or other entity that performs loan or credit account administration or processing services and/or its authorized agents.

21.     "**Telemarketing**" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.  The term does not include the solicitation of sales through the mailing of a catalog which: contains a written description or illustration of the goods or services offered for sale; includes the business address of the seller; includes multiple pages of written material or illustrations; and has been issued not less frequently than once a year, when the person making the solicitation does not solicit customers by telephone but only receives calls initiated by customers in response to the catalog and during those calls takes orders only without further solicitation.  For purposes of the previous sentence, the term "further solicitation" does not include providing the customer with information about, or attempting to sell, any other item

1  included in the same catalog which prompted the customer's call or in a substantially

2  similar catalog.

3         22.    "**Telemarketing Sales Rule**" or "**Rule**" means the FTC Rule entitled

4  "Telemarketing Sales Rule," 16 C.F.R. § 310, attached hereto as Appendix A or as

5  may be hereafter amended.

# TERMS OF FINAL JUDGMENT

## I.

## BAN ON MORTGAGE LOAN MODIFICATION AND FORECLOSURE RELIEF SERVICES

10        **IT IS THEREFORE ORDERED** that Defendants, whether acting directly or

11  through any other person, are permanently restrained and enjoined from

12        A.    Advertising, marketing, promoting, offering for sale, or selling any

13  mortgage loan modification or foreclosure relief service; and

14        B.    Assisting others engaged in advertising, marketing, promoting, offering

15  for sale, or selling any mortgage loan modification or foreclosure relief service.

## II.

## PROHIBITED REPRESENTATIONS RELATING TO FINANCIAL RELATED GOODS AND SERVICES

19        **IT IS FURTHER ORDERED** that Defendants and their successors, assigns,

20  officers, agents, servants, employees, and attorneys, and those persons or entities in

21  active concert or participation with any of them who receive actual notice of this

22  Judgment by personal service, facsimile transmission, email, or otherwise, whether

23  acting directly or through any corporation, subsidiary, division, or other device, in

24  connection with the advertising, marketing, promotion, offering for sale or sale of

25  any financial related good or service, are hereby permanently restrained and enjoined

26  from:

27        A.    Misrepresenting or assisting others in misrepresenting, expressly or by

28  implication, any material fact, including but not limited to:

Final Judg. - Escalante, Pomery, Lopez    10

1.      The terms or rates that are available for any loan or other extension of credit, including but not limited to:

(a)      closing costs or other fees;

(b)      the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

(c)      the savings associated with the credit;

(d)      the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

(e)      whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

(f)      that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

(g)      that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

2.      Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

3.      That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or

credit rating, even where such information is accurate and not obsolete;

4.     Any aspect of any debt relief good or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such debt relief good or service; the amount of time before which a consumer will receive settlement of the consumer's debts; or the reduction or cessation of collection calls; and

5.     That a consumer will receive legal representation;

B.     Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

### III

### PROHIBITED REPRESENTATIONS RELATING TO
### ANY GOODS OR SERVICES

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Judgment by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good or service are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A.     Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

Final Judg. - Escalante, Pomery, Lopez    12

B.      That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, any federal homeowner relief or financial stability program, or any other program;

C.      The total costs to purchase, receive, or use, and the quantity of, the good or service;

D.      Any material restriction, limitation, or condition to purchase, receive, or use the good or service; and

E.      Any material aspect of the performance, efficacy, nature, or characteristics of the good or service.

## IV.

## PROHIBITION AGAINST ABUSIVE TELEMARKETING PRACTICES

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Judgment by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good or service are hereby permanently restrained and enjoined from engaging in, causing other persons to engage in, or assisting other persons to engage in, violations of the Telemarketing Sales Rule, including but not limited to:

A.      Misrepresenting, expressly or by implication, any material fact, including but not limited to any material aspect of the performance, efficacy, nature, or central characteristics of the good or service.

B.      Initiating any outbound telephone call to any person at a telephone number on the National Do Not Call Registry unless the seller proves:

1.      the seller has obtained the express agreement, in writing, of such person to place calls to that person.  Such written agreement shall clearly evidence such person's authorization that calls made by or

Final Judg. - Escalante, Pomery, Lopez    13

1    on behalf of a specific party may be placed to that person, and

2    shall include the telephone number to which the calls may be

3    placed to that person, and shall include the telephone number to

4    which the calls may be placed and the signature of that person; or

5    2.    the seller has an established business relationship with such

6    person and that person has not previously stated that he or she

7    does not wish to receive outbound telephone calls made by or on

8    behalf of the seller; or

9    C.    Initiating any outbound telephone call to a telephone number within a

10   given area code when the annual fee for access to the telephone numbers within that

11   area code that are on the National Do Not Call Registry has not been paid by or on

12   behalf of the seller on whose behalf the telephone call is made, unless the telephone

13   call is:

14   1.    a solicitation to induce charitable contributions;

15   2.    to a business; or

16   3.    on behalf of a seller who initiates, or causes others to initiate,

17   telephone calls solely to (i) persons who have given the seller

18   their express agreement, in writing and signed, to receive calls

19   from that seller, or (ii) persons who have an established business

20   relationship with that seller pursuant to 16 C.F.R. § 310.2(n).

21                                    **V.**

22              **PROHIBITION ON ENFORCEMENT OF CONTRACTS**

23          **IT IS FURTHER ORDERED** that the Individual Defendants and their

24   agents, employees, officers, corporations, and those persons in active concert or

25   participation with them who receive actual notice of this Judgment by personal

26   service or otherwise, whether acting directly or through any corporation, subsidiary,

27   division, or other device, are permanently restrained and enjoined from demanding

28   payment on or enforcing or threatening to enforce any contract or agreement for the

Final Judg. - Escalante, Pomery, Lopez    14

sale of a mortgage loan modification or foreclosure rescue service entered into by Defendants prior to the effective date of this Judgment.

## VI.

## PROHIBITION ON SALE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Individual Defendants and their agents, employees, officers, corporations, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from:

A.      disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendants obtained prior to entry of this Judgment in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure rescue service; and

B.      failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Judgment. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency, the Permanent Receiver, or required by a law, regulation, or court order.

Final Judg. - Escalante, Pomery, Lopez    15

# VII.

## MONETARY JUDGMENT AND CONSUMER REDRESS

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of $8,641,769 (eight million six hundred forty one thousand seven hundred sixty nine dollars) is hereby entered against Defendants **US Foreclosure Relief Corp**, **H.E. Servicing, Inc.**, and **George Escalante** as equitable monetary relief.  Such judgment amount is suspended contingent upon the accuracy and completeness of Defendant Escalante's sworn financial statement, as set forth in Section VIII.A, and upon his delivery of assets to the Permanent Receiver in accordance with subsection VII.B.

B.      Defendant **George Escalante** shall deliver to the Permanent Receiver at the time he executes this Stipulated Final Judgment:

        1.      Title to a 2009 Toyota Tundra Truck, which is currently held in the name of Sonia Mendoza;

        2.      Title to a 2007 Mercedes SUV, which is currently held in the name of Sonia Mendoza; and

        3.      Jewelry valued at approximately $10,000, which is currently in the possession of  Sonia Mendoza.

Transfer of title on the items listed above shall be subject to approval of this Stipulated Final Judgment by the Court.  The proceeds from the sale of the items listed above shall be used as equitable monetary relief.  Upon execution of this Stipulated Final Order, Defendant Escalante shall also relinquish a 2007 Mercedes Sedan, currently held in the name of Sonia Mendoza, to Wescom Credit Union.

C.      Judgment in the amount of $3,369,402 (three million three hundred sixty nine thousand four hundred and two dollars) is hereby entered against Defendant **Cesar Lopez** as equitable monetary relief.  Such judgment amount is suspended contingent upon the accuracy and completeness of Defendant Lopez's sworn financial statement, as set forth in Section VIII.A.

D.      Judgment in the amount of $3,416,446 (three million four hundred sixteen thousand four hundred forty six dollars) is hereby entered against Defendant **Adrian Pomery** as equitable monetary relief.  Such judgment amount is suspended contingent upon the accuracy and completeness of Defendant Pomery's sworn financial statement, as set forth in Section VIII.A.

E.      Defendants shall be jointly and severally liable for their respective judgment amounts.

F.      All payments shall be made by electronic funds transfer in accordance with directions provided by the Permanent Receiver.

G.      Defendants relinquish all dominion, control, and title to the funds paid, including funds that were frozen pursuant to the Preliminary Injunction and transferred to the Permanent Receiver (approximately $1,085,000), to the fullest extent permitted by law.  Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.  Defendants shall also provide full cooperation with the Permanent Receiver to ensure that funds and assets held by third parties, including financial institutions, for the benefit of the Receivership Defendants are turned over to the Permanent Receiver.  Such full cooperation with the Permanent Receiver shall include, but not be limited to, promptly executing any documents necessary to effectuate any transfer of funds to the Permanent Receiver, or his agents or representatives.

H.      All funds paid pursuant to this Judgment shall be deposited into a fund administered by the Permanent Receiver to be used for equitable relief, including but not limited to, consumer redress and any attendant expenses for the administration of any redress funds.  In the event that direct redress to consumers is wholly or partially impracticable, or funds remain after redress is complete, such funds shall be divided equally among Plaintiffs.  Each Plaintiff may distribute any of its remaining funds as follows:

1           1.     The Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the First Amended Complaint. Any funds not used for such equitable relief by the Commission shall be deposited to the United States Treasury as disgorgement.

2.     The People of the State of California may apply any remaining funds for the payment of costs and expenses incurred by the Attorney General, to provide for funds for consumer education and advocacy programs, and/or for any other appropriate purposes under the UCL and FAL.

3.     The State of Missouri may apply any remaining funds to the Merchandising Practices Revolving Fund to be used for the payment of costs and expenses incurred by the Attorney General in the investigation, prosecution, and enforcement of the Merchandising Practices Act or to provide funds for consumer education and advocacy programs.

Defendants shall have no right to challenge the Permanent Receiver's manner of redress distribution or Plaintiffs' choice of remedies under this Section.

I.     Defendants shall take no deduction, capital loss, write-off, or any other tax benefit on any federal or state tax return, amended tax return, IRS Form 1045, or any other tax filing, for all or any part of any payment toward satisfaction of this judgment.

J.     Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by any Plaintiff to enforce its right to any payment or money judgment pursuant to this Judgment, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendants further stipulate

Final Judg. - Escalante, Pomery, Lopez    18

and agree that the facts alleged in the First Amended Complaint establish all elements necessary to sustain an action pursuant to, and that this Judgment shall have collateral estoppel effect for purposes of Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A).

## VIII.

## RIGHT TO REOPEN AS TO MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.     Plaintiffs' agreement to, and the Court's approval of, this Judgment is expressly premised upon the truthfulness, accuracy, and completeness of the following financial information, all of which includes material information relied upon by Plaintiffs in negotiating and agreeing to the terms of this Judgment:

        1.     Defendant Escalante's financial statement dated July 24, 2009, United States income tax returns for 2006-2008, bank statements, and other accompanying financial material;

        2.     Defendant Lopez's financial statement dated July 22, 2009, United States income tax return for 2008, and his 2009 bankruptcy records;

        3.     Defendant Pomery's financial statement dated July 16, 2009, and United States income tax returns for 2006-2008;

        4.     Defendant US Foreclosure Relief, Corp. and H.E. Servicing Inc.'s financial statements dated September 21, 2009.

B.     If, upon motion, this Court should find that a Defendant made a material misrepresentation or omitted material information concerning the Defendant's financial condition, then the suspension of the monetary judgment as to that Defendant shall be vacated and the Court, without further adjudication, shall enter judgment holding that Defendant liable to Plaintiffs in the amounts set forth in Section VII, less any payments made to the Permanent Receiver, plus interest from the entry date of this Judgment, pursuant to 28 U.S.C. § 1961.

Final Judg. - Escalante, Pomery, Lopez    19

# IX.

## LIFTING OF THE ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze of the assets pursuant to the Preliminary Injunction in this case shall be lifted only as to Defendants US Foreclosure Relief Corp., H.E. Servicing Inc., George Escalante, Adrian Pomery, and Cesar Lopez.  This Judgment does not alter the asset freeze on Cresidis Legal, dba Homeowners Legal Assistance.

# X.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Judgment, and (ii) investigating the accuracy of any Defendants' financial statements upon which Plaintiffs' agreement to this Judgment is expressly premised:

A.     Within ten (10) days of receipt of written notice from a representative of any Plaintiff, Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

B.     In addition, any Plaintiff is authorized to use all other lawful means, including but not limited to:

       1.     obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69;

       2.     having his representatives pose as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice;

Final Judg. - Escalante, Pomery, Lopez   20

C.     Defendants shall permit representatives of any Plaintiff to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Judgment.  The person interviewed may have counsel present.

*Provided however,* that nothing in this Judgment shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## XI.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Judgment may be monitored:

A.     For a period of three (3) years from the date of entry of this Judgment

    1.     Each Individual Defendant shall notify Plaintiffs of the following:

        a.     Any changes in such Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

        b.     Any changes in such Defendant's employment status (including self-employment), and any change in such Defendant's ownership in any business entity within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

Final Judg. - Escalante, Pomery, Lopez   21

      c.     Any changes in such Defendant's name or use of any aliases or fictitious names within ten (10) days of the date of such change;

    2.    Defendants shall notify Plaintiffs of any changes in structure of any Corporate Defendant or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Judgment, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Judgment; or a change in the business name or address, at least thirty (30) days prior to such change, provided that, with respect to any such change in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify Plaintiffs as soon as is practicable after obtaining such knowledge.

   B.    One hundred eighty (180) days after the date of entry of this Judgment and annually thereafter for a period of three (3) years, Defendants each shall provide a written report to Plaintiffs, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Judgment.  This report shall include, but not be limited to:

    1.    For each Individual Defendant:

      a.     such Defendant's then-current residence address, mailing addresses, and telephone numbers;

      b.     such Defendant's then-current employment status (including self-employment), including the name,

addresses, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

    c.    Any other changes required to be reported under Subsection A of this Section;

    2.    For all Defendants:

    a.    A copy of each acknowledgment of receipt of this Judgment, obtained pursuant to the Section titled "Distribution of Judgment;" and

    b.    Any other changes required to be reported under Subsection A of this Section.

C.    Each Defendant shall notify Plaintiffs of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D.    For the purposes of this Judgment, Defendants shall, unless otherwise directed by any Plaintiff's authorized representative, send by overnight courier all reports and notifications required by this Judgment to the following addresses:

Associate Director of Enforcement
Federal Trade Commission
600 Pennsylvania Ave., N.W., Room NJ2122
Washington, D.C. 20580

Re:  **FTC v. US Foreclosure Relief, et al.**
Civil Action No. SACV09-768 JVS

Daniel A. Olivas
Deputy Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013

Stewart Freilich
Assistant Attorney General of the State of Missouri
1530 Rax Court
Jefferson City, MO 65109

Final Judg. - Escalante, Pomery, Lopez   23

1

2      *Provided that,* in lieu of overnight courier, Defendants may send such reports

3      or notifications to Plaintiffs by first-class mail, but only if Defendants

4      contemporaneously sends an electronic version of such report or notification to

5      Plaintiffs at DEBrief@ftc.gov (FTC); Dan.Olivas@doj.ca.gov (People of the State of

6      California); and Stewart.Freilich@ago.mo.gov (State of Missouri).

7          E.      For purposes of the compliance reporting and monitoring required by

8      this Judgment, Plaintiffs are authorized to communicate directly with each

9      Defendant.

10                                          **XII.**

11                          **RECORD KEEPING PROVISIONS**

12         **IT IS FURTHER ORDERED** that, for a period of six (6) years from the date

13     of entry of this Judgment, Defendants and their agents, employees, officers,

14     corporations, and those persons in active concert or participation with them who

15     receive actual notice of this Judgment by personal service or otherwise, in

16     connection with every business where a Defendant is the majority owner or

17     otherwise controls the business, are hereby restrained and enjoined from failing to

18     create and retain the following records:

19         A.      Accounting records that reflect the cost of goods or services sold,

20     revenues generated, and the disbursement of such revenues;

21         B.      Personnel records accurately reflecting:  the name, address, and

22     telephone number of each person employed in any capacity by such business,

23     including as an independent contractor; that person's job title or position; the date

24     upon which the person commenced work; and the date and reason for the person's

25     termination, if applicable;

26         C.      Customer files containing the names, addresses, phone numbers, dollar

27     amounts paid, quantity of items or services purchased, and description of items or

28

services purchased, to the extent such information is obtained in the ordinary course of business;

D.     Complaints and refund requests (whether received directly, or indirectly, such as through a third party) and any responses to those complaints or requests;

E.     Copies of all sales scripts, training materials, advertisements, website printouts, or other marketing materials; and

F.     All records and documents necessary to demonstrate full compliance with each provision of this Judgment, including but not limited to, copies of acknowledgments of receipt of this Judgment required by the Sections titled "Distribution of Judgment" and "Acknowledgment of Receipt of Judgment" and all reports submitted to Plaintiffs pursuant to the Section titled "Compliance Reporting."

## XIII.

## DISTRIBUTION OF JUDGMENT

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Judgment, Defendants shall deliver copies of the Judgment as directed below:

A.     Corporate Defendant:  Each Corporate Defendant must deliver a copy of this Judgment to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Judgment; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Judgment upon such Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.     Individual Defendant as control person:  For any business that an

Final Judg. - Escalante, Pomery, Lopez   25

Individual Defendant controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Judgment to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Judgment; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Judgment upon such Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C.     Individual Defendant as employee or non-control person:  For any business where an Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Judgment, such Defendant must deliver a copy of this Judgment to all principals and managers of such business before engaging in such conduct.

D.     Defendants must secure a signed and dated statement acknowledging receipt of the Judgment, within thirty (30) days of delivery, from all persons receiving a copy of the Judgment pursuant to this Section.

## XIV.

## ACKNOWLEDGMENT OF RECEIPT OF JUDGMENT

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Judgment as entered by the Court, must submit to Plaintiffs a truthful sworn statement acknowledging receipt of this Judgment.

## XV.

## COOPERATION WITH PLAINTIFFS' COUNSEL

**IT IS FURTHER ORDERED** that Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the First Amended Complaint, cooperate in good faith with any Plaintiff and appear at such places and times as the Plaintiff shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by any Plaintiff.  If requested in writing by any Plaintiff, Defendants shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the First Amended Complaint, without the service of a subpoena.

## XVI.

## SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Judgment are separate and severable from one another.  If any provision is stayed or determined to be invalid, all of the remaining provisions shall remain in full force and effect.

## XVII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Judgment.

/
/
/
/
/
/
/

1

**XVIII.**

2

**FINAL JUDGMENT**

3

  The parties hereby consent to entry of the foregoing Judgment which shall

4

constitute a final judgment on the First Amended Complaint.

5

6

7

**IT IS SO ORDERED**,

8

9

Dated: March 11, 2010

                   _____

10

                  Hon. James V. Selna
                  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28