WILLARD K. TOM
General Counsel
SARAH SCHROEDER (Cal. Bar No. 221528)
KERRY O'BRIEN (Cal. Bar No. 149264)          JS - 6
LAURA FREMONT (Cal. Bar No. 159670)
Staff Attorneys
901 Market Street, Suite 570
San Francisco, CA 94103
Telephone: (415) 848-5100
Facsimile: (415) 848-5184
e-mail: sschroeder@ftc.gov; kobrien@ftc.gov
         lfremont@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

EDMUND G. BROWN JR.
Attorney General of the State of California
FRANCES T. GRUNDER (Cal. Bar No. 163804)
Senior Assistant Attorney General
DANIEL A. OLIVAS (Cal. Bar No. 130405)
Supervising Deputy Attorney General
300 South Spring Street, Suite 1702; Los Angeles, CA 90013
Telephone: (213) 897-2705; Facsimile: (213) 897-4951
e-mail: dan.olivas@doj.ca.gov
Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF CALIFORNIA

CHRIS KOSTER
Attorney General of the State of Missouri
STEWART FREILICH (Mo. Bar No. 36924)
JOHN PHILLIPS (Mo. Bar No. 55159)
Assistant Attorneys General
1530 Rax Court; Jefferson City, MO 65109
Telephone:  (573) 751-7007; Facsimile: (573) 751-2041
e-mail: stewart.freilich@ago.mo.gov; john.phillips@ago.mo.gov
Attorneys for Plaintiff
STATE OF MISSOURI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| FEDERAL TRADE COMMISSION, THE PEOPLE OF THE STATE OF CALIFORNIA, AND THE STATE OF MISSOURI, | Case No. SACV09-768 JVS (MLGX) |
|---|---|
| Plaintiffs, | **STIPULATED FINAL JUDGMENT FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS AS TO DEFENDANTS BRANDON MORENO AND CRESIDIS LEGAL, A PROFESSIONAL CORPORATION** |
| v. | |

Final Judgment - Moreno

1    US FORECLOSURE RELIEF CORP.,
2    a corporation, also d/b/a U.S.
     Foreclosure Relief, Inc., Lighthouse
3    Services, and California Foreclosure
     Specialists,
4
     H.E. SERVICING, INC., a
5    corporation,
6    CRESIDIS LEGAL, A
     PROFESSIONAL CORPORATION, a
7    corporation, also d/b/a Homeowners
     Legal Assistance and f/k/a Citadel
8    Legal, a Professional Corporation,
9    GEORGE ESCALANTE, individually
     and as an officer of US
10   FORECLOSURE RELIEF CORP. and
     of H.E. SERVICING, INC.,
11
     CESAR LOPEZ, individually and also
12   trading and doing business as H.E.
     Service Company,
13
     ADRIAN POMERY, ESQ.,
14   individually and also trading and doing
     business as Pomery & Associates, and
15
     BRANDON MORENO, ESQ.,
16   individually and as an officer of
     CRESIDIS LEGAL, A
17   PROFESSIONAL CORPORATION,

18                Defendants.

19

20        Plaintiffs Federal Trade Commission ("FTC" or "Commission"), the People of

21   the State of California, and the State of Missouri ("Plaintiffs"), and Defendants

22   Brandon Moreno and Cresidis Legal, A Professional Corporation ("Defendants")

23   have stipulated to the entry of a Final Judgment ("Judgment") by the Court to resolve

24   all claims against Defendants set forth in the First Amended Complaint and all

25   matters in dispute between Plaintiffs and Defendants in this action.  Defendants have

26   consented to entry of this Judgment without trial or adjudication of any issue of law

27   or fact herein and have agreed that entry of this Judgment in the docket by the Court

28

Final Judgment - Moreno            2

1  will constitute notice to Defendants of the terms and conditions of the Judgment.
2  Defendants waive service of the First Amended Complaint.

### FINDINGS

4  By stipulation of the parties and being advised of the premises, the Court
5  finds:

6  1.  This is an action by the FTC, People of the State of California, and the
7  State of Missouri instituted under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§
8  45 and 53(b); various provisions of the Telemarketing Sales Rule ("TSR"), 16 C.F.R.
9  Part 310; §§ 17200 et seq. and 17500 et seq. of the California Business and
10 Professions Code; and §§ 407.020 and 407.935 to 407.943 of the Missouri
11 Merchandising Practices Act, §§ 407.020 and 407.935-407.943 Mo. Rev. Stat.  The
12 First Amended Complaint seeks both permanent injunctive relief and consumer
13 redress for Defendants' alleged deceptive acts or practices in connection with the
14 marketing and sale of mortgage loan modification and foreclosure relief services.

15 2.  Plaintiff FTC has the authority under Sections 13(b) and 19 of the FTC
16 Act, 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud Abuse
17 Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, to seek the relief it
18 has requested.

19 3.  Plaintiff the People of the State of California, by and through Edmund
20 G. Brown Jr., Attorney General of the State of California, have authority under
21 Section 4(a) of the Telemarketing Act, 15 U.S.C. § 6103(a), under the California
22 unfair competition law ("UCL") codified at California Business and Professions
23 Code § 17200 et seq., and under the false advertising law ("FAL") codified at
24 California Business and Professions Code § 17500 et seq., to seek the relief they
25 have requested.

26 4.  Plaintiff the State of Missouri, by and through its Attorney General
27 Chris Koster, has authority under Section 407.100 of the Missouri Merchandising
28 Practices Act to seek the relief it has requested.

Final Judgment - Moreno          3

5.      This Court has jurisdiction over the subject matter of this case and has jurisdiction over Defendants.  Venue in the Central District of California is proper.

6.      The activities of Defendants, as alleged in the First Amended Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

7.      The parties stipulate and agree to entry of this Judgment, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the First Amended Complaint to the date of entry of this Judgment.  Defendants do not admit any of the allegations set forth in the First Amended Complaint, other than the jurisdictional facts, merely by stipulating and agreeing to the entry of this Judgment.

8.      Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Judgment.  Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Judgment.  Each settling party shall bear its own costs and attorneys fees.

9.      Defendants waive any claim that they may hold against the Permanent Receiver, his employees, representatives, or agents.

10.     This action and the relief awarded herein settles all disputes between the parties as asserted in the First Amended Complaint.  The relief awarded herein is not in lieu of criminal remedies, if applicable, and this relief is further not in lieu of remedies provided to any state bar association.

11.     Entry of this Judgment is in the public interest.

**DEFINITIONS**

For purposes of this Judgment, the following **Definitions** shall apply:

1.      "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other

Final Judgment - Moreno                4

deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

2.     "**Assisting others**" includes, but is not limited to, providing any of the following goods or services to another person:  (A) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (B) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including but not limited to, the text of any Internet website, email, or other electronic communication; (C) providing names of, or assisting in the generation of, potential customers; (D) performing marketing services of any kind; (E) providing legal services; or (F) acting or serving as an owner, officer, director, manager, or principal of any entity.

3.     "**Charitable contribution**" means any donation or gift of money or any other thing of value.

4.     "**Credit**" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

5.     "**Debt relief good or service**" means any good, service, plan, or program, including debt management plans, debt settlement, debt negotiation, and for-profit credit counseling, represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors, servicers, or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor, servicer, or debt collector.

6.     "**Defendants**" means the Individual Defendant and the Corporate Defendant.  "**Individual Defendant**" means Brandon Moreno.  "**Corporate Defendant**" means Cresidis Legal, a Professional Corporation, a corporation, also d/b/a Homeowners Legal Assistance and f/k/a Citadel Legal, a Professional Corporation; and their successors and assigns.

7.     "**Document**" is equal in scope and synonymous in meaning to the terms "document" and "electronically stored information," as described and used in Federal Rule of Civil Procedure 34(a).

8.     "**Established business relationship**" means a relationship between the seller and a person based on:  (a) the person's purchase, rental, or lease of the seller's goods or services or a financial transaction between the person and seller, within the eighteen (18) months immediately preceding the date of the telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the seller, within the three (3) months immediately preceding the date of a telemarketing call.

9.     "**Financial related good or service**"  means any good, service, plan, or program that is represented, expressly or by implication, to (A) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards; (B) improve, or arrange to improve, any consumer's credit record, credit history, or credit rating; (C) provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating; (D) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; (E) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, debt relief goods or services; (F) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

10.     "**Federal homeowner relief or financial stability program**" means any program (including its sponsoring agencies, telephone numbers, and Internet websites) operated or endorsed by the United States government to provide relief to homeowners or stabilize the economy, including but not limited to (A) the Making Home Affordable Program; (B) the Financial Stability Plan; (C) the Troubled Asset

1 Relief Program and any other program sponsored or operated by the United States
2 Department of the Treasury; (D) the HOPE for Homeowners program, any program
3 operated or created pursuant to the Helping Families Save Their Homes Act, and any
4 other program sponsored or operated by the Federal Housing Administration; or (E)
5 any program sponsored or operated by the United States Department of Housing and
6 Urban Development ("HUD"), the HOPE NOW Alliance, the Homeownership
7 Preservation Foundation, or any other HUD-approved housing counseling agency.
8      11.     "**Material fact**" means any fact that is likely to affect a person's choice
9 of, or conduct regarding, goods or services.
10      12.     "**Mortgage loan modification or foreclosure relief service**" means any
11 good, service, plan, or program that is represented, expressly or by implication, to
12 assist a consumer in any manner to (A) stop, prevent, or postpone any residential
13 mortgage or deed of trust foreclosure sale; (B) obtain or arrange a modification of
14 any term of a residential loan, deed of trust, or mortgage; (C) obtain any forbearance
15 from any mortgage loan holder or servicer on any residential loan, deed of trust, or
16 mortgage; (D) exercise any right of reinstatement of any residential mortgage loan;
17 (E) obtain, arrange, or attempt to obtain or arrange any extension of the period within
18 which the owner of residential property sold at foreclosure may cure his or her
19 default or reinstate his or her obligation; (F) obtain any waiver of an acceleration
20 clause contained in any promissory note or contract secured by a deed of trust or
21 mortgage on a residence in foreclosure or contained in that deed of trust; (G) obtain a
22 loan or advance of funds that is connected to the consumer's home ownership; (H)
23 avoid or ameliorate the impairment of the consumer's credit record, credit history, or
24 credit rating that is connected to the consumer's home ownership; (I) save the
25 consumer's residence from foreclosure; (J) assist the consumer in obtaining proceeds
26 from the foreclosure sale of the consumer's residence; (K) obtain or arrange a
27 pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure of a consumer's
28 residence; (L) obtain or arrange a refinancing, recapitalization, or reinstatement of a

Final Judgment - Moreno            7

residential loan, deed of trust, or mortgage; (M) audit or examine a consumer's mortgage or home loan application; or (N) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the renter of residential property sold at foreclosure may continue to occupy the property.  The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, credit, budget, or financial counseling; receiving money for the purpose of distributing it to creditors; contacting creditors or servicers on behalf of the consumer; giving advice of any kind with respect to filing for bankruptcy; and any services delineated in California Civil Code Section 2945.1

13.    "**National Do Not Call Registry**" means the National Do Not Call Registry, which is the "do-not-call" registry maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

14.    "**Outbound telephone call**" means a telephone call initiated by a telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

15.    "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

16.    "**Plaintiffs**" means the Federal Trade Commission; the People of the State of California, by and through Edmund G. Brown Jr., Attorney General of the State of California; and the State of Missouri, by and through its Attorney General Chris Koster.

17.    "**Receiver**" or "**Permanent Receiver**" means Thomas McNamara and La Bella & McNamara, LLP.

18.    "**Seller**" means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration whether or not such person is under the jurisdiction of the Commission.

19.   "**Servicer**" means any beneficiary, mortgagee, trustee, loan servicer, loan holder, or other entity that performs loan or credit account administration or processing services and/or its authorized agents.

20.   "**Telemarketing**" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.  The term does not include the solicitation of sales through the mailing of a catalog which: contains a written description or illustration of the goods or services offered for sale; includes the business address of the seller; includes multiple pages of written material or illustrations; and has been issued not less frequently than once a year, when the person making the solicitation does not solicit customers by telephone but only receives calls initiated by customers in response to the catalog and during those calls takes orders only without further solicitation.  For purposes of the previous sentence, the term "further solicitation" does not include providing the customer with information about, or attempting to sell, any other item included in the same catalog which prompted the customer's call or in a substantially similar catalog.

21.   "**Telemarketing Sales Rule**" or "**Rule**" means the FTC Rule entitled "Telemarketing Sales Rule," 16 C.F.R. § 310, attached hereto as Appendix A or as may be hereafter amended.

# TERMS OF FINAL JUDGMENT

## I.

## BAN ON MORTGAGE LOAN MODIFICATION AND FORECLOSURE RELIEF SERVICES

**IT IS THEREFORE ORDERED** that Defendants, whether acting directly or through any other person, are permanently restrained and enjoined from

A.   Advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service; and

B.      Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service.

*Provided*, that Parts I.A. and B. shall not prohibit defendants who are licensed to practice law from directly rendering routine legal services (1) to clients with whom they have an attorney-client relationship in connection with new or existing bankruptcy proceedings or with estate planning, or (2) in connection with the closing and execution of real estate transactions.  This proviso shall not be construed to limit the licensing or regulatory powers of any federal, state, or local government agency or state bar.

## II.

## PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED GOODS AND SERVICES

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, and employees, and those persons or entities in active concert or participation with any of them who receive actual notice of this Judgment by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service, or any other financial related good or service, are hereby permanently restrained and enjoined from:

A.      Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

1.      The terms or rates that are available for any loan or other extension of credit, including but not limited to:

(a)      closing costs or other fees;

(b)      the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment;

Final Judgment - Moreno                    10

interest rate(s), annual percentage rate(s), or finance charge;
the loan amount, the amount of credit, the draw amount, or
outstanding balance; the loan term, the draw period, or
maturity; or any other term of credit;

(c)    the savings associated with the credit;

(d)    the amount of cash to be disbursed to the borrower out of
the proceeds, or the amount of cash to be disbursed on
behalf of the borrower to any third parties;

(e)    whether the payment of the minimum amount specified
each month covers both interest and principal, and whether
the credit has or can result in negative amortization;

(f)    that the credit does not have a prepayment penalty or that
no prepayment penalty and/or other fees or costs will be
incurred if the consumer subsequently refinances; and

(g)    that the interest rate(s) or annual percentage rate(s) are
fixed rather than adjustable or adjustable rather than fixed;

2.    That any person can improve any consumer's credit record, credit
history, or credit rating by permanently removing negative
information from the consumer's credit record, credit history, or
credit rating, even where such information is accurate and not
obsolete;

3.    Any person's ability to improve or otherwise affect a consumer's
credit record, credit history, or credit rating or ability to obtain
credit;

4.    Any aspect of any debt relief good or service, including but not
limited to, the amount of savings a consumer will receive from
purchasing, using, or enrolling in such debt relief good or service;
the amount of time before which a consumer will receive

Final Judgment - Moreno            11

1    settlement of the consumer's debts; or the reduction or cessation

2    of collection calls; and

3        5.    That a consumer will receive legal representation;

4    B.    Advertising or assisting others in advertising credit terms other than

5    those terms that actually are or will be arranged or offered by a creditor or lender.

6                                    **III**.

7            **PROHIBITED MISREPRESENTATIONS RELATING TO**

8                    **ANY GOODS OR SERVICES**

9        **IT IS FURTHER ORDERED** that Defendants and their successors, assigns,

10   officers, agents, servants, and employees, and those persons or entities in active

11   concert or participation with any of them who receive actual notice of this Judgment

12   by personal service, facsimile transmission, email, or otherwise, whether acting

13   directly or through any corporation, subsidiary, division, or other device, in

14   connection with the advertising, marketing, promotion, offering for sale or sale of

15   any good or service are hereby permanently restrained and enjoined from

16   misrepresenting or assisting others in misrepresenting, expressly or by implication,

17   any material fact, including but not limited to:

18       A.    Any material aspect of the nature or terms of any refund, cancellation,

19   exchange, or repurchase policy, including, but not limited to, the likelihood of a

20   consumer obtaining a full or partial refund, or the circumstances in which a full or

21   partial refund will be granted to the consumer;

22       B.    That any person is affiliated with, endorsed or approved by, or otherwise

23   connected to any other person, government entity, any federal homeowner relief or

24   financial stability program, or any other program;

25       C.    The total costs to purchase, receive, or use, and the quantity of, the good

26   or service;

27       D.    Any material restriction, limitation, or condition to purchase, receive, or

28   use the good or service; and

Final Judgment - Moreno           12

E.     Any material aspect of the performance, efficacy, nature, or characteristics of the good or service.

## IV.

## PROHIBITION AGAINST ABUSIVE TELEMARKETING PRACTICES

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, and employees, and those persons or entities in active concert or participation with any of them who receive actual notice of this Judgment by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good or service are hereby permanently restrained and enjoined from engaging in, causing other persons to engage in, or assisting other persons to engage in, violations of the Telemarketing Sales Rule, including but not limited to:

A.     Misrepresenting, expressly or by implication, any material fact, including but not limited to any material aspect of the performance, efficacy, nature, or central characteristics of the good or service.

B.     Initiating any outbound telephone call to any person at a telephone number on the National Do Not Call Registry unless the seller proves:

        1.     the seller has obtained the express agreement, in writing, of such person to place calls to that person.  Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

        2.     the seller has an established business relationship with such person and that person has not previously stated that he or she

1  does not wish to receive outbound telephone calls made by or on

2  behalf of the seller; or

3      C.    Initiating any outbound telephone call to a telephone number within a

4  given area code when the annual fee for access to the telephone numbers within that

5  area code that are on the National Do Not Call Registry has not been paid by or on

6  behalf of the seller on whose behalf the telephone call is made, unless the telephone

7  call is:

8      1.    a solicitation to induce charitable contributions;

9      2.    to a business; or

10      3.    on behalf of a seller who initiates, or causes others to initiate,

11  telephone calls solely to (i) persons who have given the seller

12  their express agreement, in writing and signed, to receive calls

13  from that seller, or (ii) persons who have an established business

14  relationship with that seller pursuant to 16 C.F.R. § 310.2(n).

15  **V.**

16  **PROHIBITION ON ENFORCEMENT OF CONTRACTS**

17      **IT IS FURTHER ORDERED** that the Defendants and their agents,

18  employees, officers, corporations, and those persons in active concert or participation

19  with them who receive actual notice of this Judgment by personal service or

20  otherwise, whether acting directly or through any corporation, subsidiary, division, or

21  other device, are permanently restrained and enjoined from demanding payment on or

22  enforcing or threatening to enforce any contract or agreement for the sale of a

23  mortgage loan modification or foreclosure rescue service entered into by Defendants

24  prior to the effective date of this Judgment, which arise from the First Amended

25  Complaint and the files taken over by the Permanent Receiver.

26

27

28

Final Judgment - Moreno        14

# VI.

## PROHIBITION ON SALE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Individual Defendant and his agents, employees, officers, corporations, and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Judgment in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure rescue service.

*Provided, however*, that customer information may be disclosed to the extent requested by a government agency, the Permanent Receiver, or required by a law, regulation, or court order.

# VII.

## MONETARY JUDGMENT AND CONSUMER REDRESS

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of $1,853,559 (one million eight hundred fifty three thousand five hundred fifty nine dollars) is hereby entered against Defendants Cresidis Legal, A Professional Corporation, and Brandon Moreno, jointly and severally, as equitable monetary relief.  Such judgment amount is suspended and, subject to the provisions of Section VIII below, shall be deemed satisfied, contingent upon the accuracy and completeness of Defendant Moreno's and Cresidis Legal's sworn financial statements, as set forth in Section VIII.A. and upon Defendants'

1   agreement to relinquish funds to the Permanent Receiver in accordance with

2   subsection VII.B.

3       B.    Defendants relinquish all dominion, control, and title to the Cresidis

4   Legal funds currently held by the Permanent Receiver (approximately $131,134) to

5   the fullest extent permitted by law.  Defendants shall make no claim to or demand for

6   return of the funds, directly or indirectly, through counsel or otherwise.

7       C.    All funds paid pursuant to this Judgment shall be deposited into a

8   fund administered by the Permanent Receiver to be used for equitable relief,

9   including but not limited to, consumer redress and any attendant expenses for the

10   administration of any redress funds.  In the event that direct redress to consumers is

11   wholly or partially impracticable, or funds remain after redress is complete, such

12   funds shall be divided equally among Plaintiffs.  Each Plaintiff may distributed any

13   of its remaining funds as follows:

14       1.   The Commission may apply any remaining funds for such other

15           equitable relief (including consumer information remedies) as it

16           determines to be reasonably related to Defendants' practices

17           alleged in the First Amended Complaint.  Any funds not used for

18           such equitable relief by the Commission shall be deposited to the

19           United States Treasury as disgorgement.

20       2.   The People of the State of California may apply any remaining

21           funds for the payment of costs and expenses incurred by the

22           Attorney General, to provide for funds for consumer education

23           and advocacy programs, and/or for any other appropriate purposes

24           under the UCL and FAL.

25       3.   The State of Missouri may apply any remaining funds to the

26           Merchandising Practices Revolving Fund to be used for the

27           payment of costs and expenses incurred by the Attorney General

28           in the investigation, prosecution, and enforcement of the

1   Merchandising Practices Act or to provide funds for consumer
2   education and advocacy programs.

3       Defendants shall have no right to challenge Plaintiffs' or the Permanent
4   Receiver's manner of redress distribution, or Plaintiffs' choice of remedies under this
5   Section.

6       D.      Defendants shall take no deduction, capital loss, write-off, or any other
7   tax benefit on any federal or state tax return, amended tax return, IRS Form 1045, or
8   any other tax filing, for all or any part of any payment toward satisfaction of this
9   Judgment.

10      E.      Defendants agree that the facts as alleged in the First Amended
11  Complaint filed in this action shall be taken as true without further proof in any
12  bankruptcy case or subsequent civil litigation pursued by any Plaintiff to enforce its
13  right to any payment or money judgment pursuant to this Judgment, including but not
14  limited to a nondischargeability complaint in any bankruptcy case.  Defendants
15  further stipulate and agree that the facts alleged in the First Amended Complaint
16  establish all elements necessary to sustain an action by the Commission pursuant to
17  Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this
18  Judgment shall have collateral estoppel effect for such purposes.

19                              **VIII.**

20          **RIGHT TO REOPEN AS TO MONETARY JUDGMENT**
21          **IT IS FURTHER ORDERED** that:

22      A.      Plaintiffs' agreement to, and the Court's approval of, this Judgment is
23  expressly premised upon the truthfulness, accuracy, and completeness of the
24  following financial information, all of which includes material information relied
25  upon by Plaintiffs in negotiating and agreeing to the terms of this Judgment:

26          1.      Defendant Moreno's financial statement dated June 2, 2010; and
27          2.      Defendant Cresidis Legal, A Professional Corporation's financial
28                  disclosure form dated August 3, 2009.

Final Judgment - Moreno          17

B.     If, upon motion, this Court should find that Brandon Moreno or Cresidis Legal, A Professional Corporation made a material misrepresentation or omitted material information concerning their financial condition, then the suspension of the monetary judgment shall be vacated and the Court, without further adjudication, shall enter judgment holding Defendants liable to Plaintiffs in the amount of $1,853,559 (one million eight hundred fifty three thousand five hundred fifty nine dollars), less any payments made to the Permanent Receiver, plus interest from the entry date of this Judgment, pursuant to 28 U.S.C. § 1961.

## IX.

## LIFTING OF THE ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze of Cresidis Legal's assets pursuant to the Preliminary Injunction in this case shall be lifted.

## X.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Judgment, and (ii) investigating the accuracy of any Defendants' financial statements upon which Plaintiffs' agreement to this Judgment is expressly premised:

A.     Within ten (10) days of receipt of written notice from a representative of any Plaintiff, Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation; *provided* that, Defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order including one or more of the protections set forth in Fed. R. Civ. P. 26(c);

B.     In addition, any Plaintiff is authorized to use all other lawful means, including but not limited to:

          1.     obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69;

          2.     having its representatives pose as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice;

C.     Defendants shall permit representatives of any Plaintiff to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Judgment.  The person interviewed may have counsel present.

*Provided however,* that nothing in this Judgment shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

# XI.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Judgment may be monitored:

A.     For a period of four (4) years from the date of entry of this Judgment,

          1.     Each Individual Defendant shall notify Plaintiffs of the following:

                   a.     Any changes in such Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

      b.     Any changes in such Defendant's employment status (including self-employment), and any change in such Defendant's ownership in any business entity within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

      c.     Any changes in such Defendant's name or use of any aliases or fictitious names within ten (10) days of the date of such change;

    2.    Defendants shall notify Plaintiffs of any changes in structure of any Corporate Defendant or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Judgment, including but not limited to:  incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Judgment; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify Plaintiffs as soon as is practicable after obtaining such knowledge.

B.     One hundred eighty (180) days after the date of entry of this Judgment and annually thereafter for a period of four (4) years, Defendants each shall provide a written report to Plaintiffs, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Judgment.  This report shall include, but not be limited to:

        1.     For each Individual Defendant:

              a.     such Defendant's then-current residence address, mailing addresses, and telephone numbers;

              b.     such Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

              c.     Any other changes required to be reported under Subsection A of this Section;

        2.     For all Defendants:

              a.     A copy of each acknowledgment of receipt of this Judgment, obtained pursuant to the Section titled "Distribution of Judgment;" and

              b.     Any other changes required to be reported under Subsection A of this Section.

C.     Each Defendant shall notify Plaintiffs of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

Final Judgment - Moreno                    21

D.     For the purposes of this Judgment, Defendants shall, unless otherwise directed by any Plaintiff's authorized representative, send by overnight courier all reports and notifications required by this Judgment to the following addresses:

> Associate Director for Enforcement
> Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Ave., N.W.
> Washington, D.C. 20580
> Re: **FTC v. US Foreclosure Relief, et al. (X090065)**

> Daniel A. Olivas
> Deputy Attorney General
> California Department of Justice
> 300 South Spring Street, Suite 1702
> Los Angeles, CA 90013

> Stewart Freilich
> Assistant Attorney General of the State of Missouri
> 1530 Rax Court
> Jefferson City, MO 65109

*Provided* that, in lieu of overnight courier, Defendants may send such reports or notifications to Plaintiffs by first-class mail, but only if Defendants contemporaneously send an electronic version of such report or notification to Plaintiffs at DEBrief@ftc.gov (FTC); Dan.Olivas@doj.ca.gov (People of the State of California); and Stewart.Freilich@ago.mo.gov (State of Missouri).

E.     For purposes of the compliance reporting and monitoring required by this Judgment, Plaintiffs are authorized to communicate directly with each Defendant.

## XII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of seven (7) years from the date of entry of this Judgment, Corporate Defendant Cresidis Legal, and Individual Defendant Brandon Moreno for any business for which they, individually or collectively, are the majority owner or directly or indirectly control, are hereby restrained and enjoined from failing to create and retain the following records:

A.   Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.   Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.   Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.   Complaints and refund requests (whether received directly, or indirectly, such as through a third party) and any responses to those complaints or requests;

E.   Copies of all sales scripts, training materials, advertisements, website printouts, or other marketing materials; and

F.   All records and documents necessary to demonstrate full compliance with each provision of this Judgment, including but not limited to, copies of acknowledgments of receipt of this Judgment required by the Sections titled "Distribution of Judgment" and "Acknowledgment of Receipt of Judgment" and all reports submitted to Plaintiffs pursuant to the Section titled "Compliance Reporting" and all reports submitted to Plaintiffs pursuant to the Section titled "Compliance Reporting."

## XIII.

## DISTRIBUTION OF JUDGMENT

**IT IS FURTHER ORDERED** that, for a period of four (4) years from the date of entry of this Judgment, Defendants shall deliver copies of the Judgment as directed below:

Final Judgment - Moreno                    23

A.      Corporate Defendant: The Corporate Defendant must deliver a copy of this Judgment to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Judgment; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Judgment upon such Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.      Individual Defendant as control person:  For any business that the Individual Defendant controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Judgment to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Judgment; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Judgment upon such Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C.      Individual Defendant as employee or non-control person:  For any business where the Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Judgment, such Defendant must deliver a copy of this Judgment to all principals and managers of such business before engaging in such conduct.

D.      Defendants must secure a signed and dated statement acknowledging receipt of the Judgment, within thirty (30) days of delivery, from all persons receiving a copy of the Judgment pursuant to this Section.

## XIV.

## ACKNOWLEDGMENT OF RECEIPT OF JUDGMENT

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Judgment as entered by the Court, must submit to Plaintiffs a truthful sworn statement acknowledging receipt of this Judgment.

## XV.

## COOPERATION WITH PLAINTIFFS' COUNSEL

**IT IS FURTHER ORDERED** that Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the First Amended Complaint, cooperate in good faith with any Plaintiff and appear at such places and times as such Plaintiff shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by any Plaintiff.  If requested in writing by any Plaintiff, Defendants shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the First Amended Complaint, without the service of a subpoena.

## XVI.

## SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Judgment are separate and severable from one another.  If any provision is stayed or determined to be invalid, all of the remaining provisions shall remain in full force and effect.

## XVII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Judgment.

# XVIII.

## FINAL JUDGMENT

The parties hereby consent to entry of the foregoing Judgment which shall constitute a final judgment on the First Amended Complaint.


**IT IS SO ORDERED**, this 15th day of September, 2010

_____

Hon. James V. Selna
United States District Judge

**APPROVED AS TO FORM AND TO CONTENT:**

Dated: _____, 2010          WILLARD K. TOM
                                             General Counsel

                                             _____
                                             SARAH SCHROEDER
                                             KERRY O'BRIEN
                                             LAURA FREMONT
                                             Attorneys for Plaintiff
                                             Federal Trade Commission

                                             EDMUND G. BROWN JR.
                                             Attorney General, State of California

Dated: _____, 2010          _____
                                             DANIEL A. OLIVAS
                                             Attorney for Plaintiff
                                             The People of the State of California

                                             CHRIS KOSTER
                                             Attorney General of Missouri

Dated: _____, 2010          _____
                                             STEWART FREILICH
                                             JOHN PHILLIPS
                                             Attorneys for Plaintiff
                                             State of Missouri

Dated: _____, 2010          BRANDON MORENO

                                             _____
                                             Defendant Brandon Moreno
                                             Individually and as an officer of Cresidis
                                             Legal, A Professional Corporation

Dated: _____, 2010          OUTWATER & PINCKES, LLP

                                             By: _____
                                                 David E. Outwater
                                                 Attorney for Defendants
                                                 Brandon Moreno and Cresidis
                                                 Legal, A Professional Corporation